Parker, C. J.,
delivered the opinion of the Court.
Upon the facts in this case, the judge instructed the jury, that an encumbrance was sufficiently proved, within the meaning of the covenant that the land was free of all encumbrances; and the verdict of the jury was conformable to this instruction. It was objected at the trial, that no legal encumbrance was proved: and that question was reserved for the consideration of the whole Court.
The counsel for the defendant has rightly insisted, that there is no breach of the covenant of seisin; for notwithstanding all the facts in the case, the legal seisin of the grantor, as tenant in common, continued to the time of his deed, and until actual seisin taken by Kirkland, or at least until the sheriff delivered to him his deed; and that there is no evidence in the case of either of these facts. He has also well maintained his position that [ * 220 ] there*is no breach of the covenant of warranty; for there has been no eviction, and indeed no entry having been made by the plaintiff under his deed, an eviction could not have taken place.
So that the question only remains, whether the covenant respecting encumbrances has been broken; and of this we are well satisfied. For, by the law of Ohio, the land, being held in common, was liable to this process for partition, one legal effect of which is a sale of the land, when it cannot be conveniently divided ; and the purchaser *177 will undoubtedly hold the land under the sheriff’s deed. This is certainly equal, in its effects upon the plaintiff’s title, to a mortgage, or a claim of dower, or a paramount title; all of which have been held here to be encumbrances.
It is an encumbrance, too, which cannot be released without the consent of the statute owner; for it does not appear that any equity of redemption is allowed; and however contrary to our notions of right the provisions of a statute may be, which devests a person of hi® title to real estate without his consent, it was undoubtedly within the legislative authority of the state to pass such a statute, and the effects of it cannot be resisted. The case shows a paramount title in Kirkland, which, although not perfected at the time of the execution of the defendant’s deed, was then inchoate by the proceedings which had then taken place, and the title was afterwards perfected. For the delivery of the deed, by the sheriff to the clerk, was to Kirkland’s use ; and his title was complete from the time of that delivery, although he may not have had possession of the deed until after the defendant executed his deed to the plaintiff.
A deed delivered at the register’s office, in the absence of the grantee, has been held with us to be a good delivery to the grantee, if he afterwards assent and take the deed (6). On the facts proved in this case, the jury might lawfully have presumed that the deed of the sheriff had * been delivered to Kirkland [ * 221 ] by the clerk, pursuant to the order of the court, if that were necessary to maintain the verdict. But without an actual delivery, it being lodged with the clerk for the use of the purchaser, and he having paid the price, and the antecedent proceedings having been regular; these proceedings constituted an encumbrance, against which the defendant covenanted.
With respect to the damages, the rule should be the consideration money paid, and the interest upon it; because there has been no eviction, in which case the value of the premises, at the time of the eviction, would be the rule. If the encumbrance went only to diminish the value, the amount of the diminution would be the measure; or the sum paid for extinguishing the encumbrance, if reasonable, and the grantee had chosen to extinguish it by purchasing of Kirkland. But it not being in the plaintiff’s power to compel Kirkland to sell, neither should he be obliged to buy; and as he has been deprived of the fruits of his bargain, he should be restored to the price he paid. Certainly he is not to suffer for the diminished value of the land, or for a forced sale of it; because it *178 was owing to the nature of the defendant’s title, against which he covenanted, that the land was exposed to sale.
Viewing the consideration expressed in the deed as the sum really paid, the interest thereof to the present time added to it, will amount, within a few dollars, to the sum found by the jury on a different rule. The verdict then may be so altered, as to stand for the consideration and interest, for which sum let judgment be entered (7).

 12 Mass. Rep. 456.

 Stewart vs. Drake, 4 Halst. 139.—Prescott vs. Trueman, 4 Mass. 627.—Delaverne vs. Norris, 7 Johns. 358.—Starnard vs. Eldridge, 16 Johns. 254.—Funk vs. Voneida, 11 S. & R. 109.—Wyman vs. Ballard, 12 Mass. 304.—Bennett vs. Jenkins, 13 Johns. 50.— Pitcher vs. Livingston, 4 Johns. 1.—Marston vs. Hobbs, 2 Mass. 433.—Barrett vs. Porter 14 Mass. 143.