Parker C. J.
afterward drew up the opinion of the Court. The first question is, whether there is sufficient proof of ouster to form an eviction, there being a lien on the land by the judgment recovered in 1786 against M‘Kinstry, which remained unsatisfied until 1801.
If there was not an eviction, then was there an incumbrance, at the time of the conveyance to the plaintiff ?
It seems that by the law of New York before the year 1813, a judgment docketed created a lien on land and tenements, indefinite in point of time, so that a sale by the sheriff at any future time would pass a title to the purchaser against any bond fide holder under the debtor. By the statute passed in 1813, that lien was to continue ten years from 1811. The *360 sheriff’s sale of this land was long before this statute, to wit, 'n 1801, when there was no limitation to the lien.
This lien was an incumbrance, which might or might not be injurious to the plaintiff; and it formed a secret canker in the title, which might eventually defeat his estate, but which might never be made to operate to his prejudice. The lien itself was a breach of the covenant against incumbrances ;[1] but without something further, the damages would only be nominal; for it was an inert incumbrance, which might never be brought into action. But proceedings were afterwards had, which, if regular and pursuant to the laws of New York, would defeat the title of the plaintiff and prevent him from entering upon and enjoying the estate. In 1800 the judgment was revived, and so far as we can perceive from the record, in all respects pursuant to the law of New York. Execution was issued and delivered to the sheriff, who made sale of the land which is the subject of the covenants.
If this sale is regular, it would seem to convey a complete title to the purchaser, and give him an immediate right of entry upon the land. We observe by the statute passed in 1813, that -the sheriff was required, before he should make sale on execution, to advertise the time and place of sale with great particularity, and to sell between the hours of nine in the morning and sunset. We think any sale, after the passing of this statute, would not be good unless it should appear by the return of the sheriff on his writ that he had complied with these requisitions. At least, such is our law in regard to analogous proceedings in the sale of equities, &c. and we suppose the law of New York to be the same. We are not informed however, whether at the time of the sale of this land such proceedings were required ; or if required, that they should be set forth in the sheriff’s return, or recited in his deed to the purchaser ; but without, it must be presumed, unless the contrary be shown by the defendant in this action, that *361 the sale was regular and that the title, by the deed of the sheriff, vested in the purchaser. If this be so, the case seems to be parallel with that of Chapel v. Bull, 17 Mass. R. 213, in which it was decided, that on a breach of covenants against incumbrances, where the incumbrance was changed into a title adverse and indeleasible, the plaintiff was entitled to recover the money he had paid for the land, with interest. For in such case, the estate conveyed is entirely defeated, and the purchaser cannot remove the incumbrance ; nor can he enter upon and enjoy the land ; and it would be idle to require him to purchase it, in order that he might be entitled to his damages for the breach of the covenant against incumbrances. Indeed, such a state of facts comes very near proving an actual eviction, and falls short of it only because there has been no actual possession by the grantee, so that he can be evicted. And this constitutes a difference between cases of this kind and the common cases of mortgage, attachment or rights of dower, which may be removed by the grantee, and the amount of his damages ascertained in that way.[1]
The principle which constitutes a difference between the case of Chapel v. Bull, and the cases in which it has been held, that, for breach of covenant against incumbrances, nominal damages only should be recovered, unless the incumbrance had been removed, is, that in the latter cases the plaintiff is in possession of the estate, is undisturbed in the enjoyment, and may remain so ; whereas, in the former case, and that now before us, the plaintiff is not in possession, nor can he enter without being a trespasser upon one who has the title, and who is presumed to be in possession according to his title.
But, m order to entitle’ the plaintiff to recover upon these principles, we must take it for granted, that .the sheriff’s sale is valid according to the law existing at the time. So that if the defendant can show that there was a neglect on the part *362 of the sheriff, of any material part of his duty, there would uc nothing to intercept the plaintiff’s title, and so no breach of covenant.
Upon the ground of eviction, so as to entitle the plaintiff to recover the present value of the land in damages, we think the evidence defective. Supposing the title to be in Williams by the conveyance of Dean to him, Dean having the deed from the sheriff, yet it does not appear by any competent evidence that his title has ever been asserted by an entry by himself or any person under him. The depositions show an actual pas session and occupation, and payment of taxes by several per sons, but there is no legal evidence of their title under Williams. It is probable that Williams conveyed to a certain individual, as stated by the witnesses, but the evidence of title should be by deed ; and there is no apparent reason why the deed from Williams to such individual should not have been produced. The fact of possession, as proved by the witnesses, stands disconnected from any title, and therefore we cannot know that it was not unlawful ; and if it was so, it is no breach of the covenant of warranty.[2]
’Upon the whole, therefore, we are of opinion, that the covenant against incuumbrances is broken, and that the proper damages are the amount of the consideration and interest. We however will suspend the judgment, if it can be made to appear by affidavit or otherwise, to our satisfaction, that there is any defect in the proceedings of the sheriff which will go to defeat the title under him.

 See Smith v. M'Cambell, 1 Blackford, 100. This covenant is broken at once by the existence of an outstanding incumbrance. Potter v. Taylor 6 Vermont R. 676; Richardson v. Dorr, 5 Vermont R. 9; Garrison v. Sand ford, 7 Halsted, 261; Tufts v. Adams, 8 Pick. 547; Stewart v. Drake 4 Halsted, 139; Bean v. Mayof 5 Greenleaf, 94.

 Where there is an outstanding incumbrance upon the land, the purenaser need not wait until he is evicted, but may satisfy the incumbrance, and then resort to his action on the covenant against incumbrances. Delavergne v. Norris, 7 Johns. R 358; Stanard v. Eldridge, 16 Johns. R. 254; Garrison v. Sandfordt 7 Halsted, 261. Yet he is not bound to buy in the incumbrance though it be offered to him on moderate terms. Miller v. Halsey, 2 Green 48.

 See 1 U. States Dig. tit. Covenant, § 298