· DIMMICK *vs.* U. & J. LOCKWOOD.

In an action for breach of the covenant in a deed *against encumbrances*, where a moiety of the premises are sold by virtue of a judgment against the grantor, the grantee is entitled to recover only the *consideration* of the purchase of the portion lost, the interest and costs, and not the enhanced value of the land in consequence of *improvements*: So held in this case where the consideration was $125, and the enhanced value by reason of improvements was $1000.

Where *fraud* is shewn, the grantor is liable in an *action on the case*, to the full extent of the loss of the grantee.

COVENANT against encumbrances. The plaintiff declared in covenant for that the defendants, on the 5th March, 1824, for and in consideration of $250, by deed granted and conveyed to him in fee, half an acre and 16 rods of land, in the village of Bloomingburgh, in the county of Sullivan, and covenanted for the *quiet enjoyment* of the premises, and that the same were *free from encumbrances;* and that he the plaintiff immediately entered into possession of the premises and erected a dwelling house thereon, and made other improvements of the value of $2000. He then avers that at the time of the making and executing of the deed, the premises *were not free from encumbrances,* but on the contrary thereof, were subject to a judgment in favor of one T. S. Lockwood against J. Lockwood, one of the defendants in this case, for the sum of $3344,14, rendered on the 8th August, 1823, which judgment was a lien on an equal undivided moiety of the lot; that on 28th April, 1827, all the right, title and interest which J. Lockwood had in the premises at the time of the rendition of the judgment, being an equal undivided moiety of the same, was sold at sheriff's sale by virtue of an execution issued on the said judgment, and purchased by R. Middlebrook, for the sum of $800, then due and unpaid on the judgment, and which sum of $800, it is averred was applied in payment and discharge of so much money due on the execution; that after the expiration of 15 months, to wit, on the 11*th October,* 1828, the sheriff of Sullivan executed a deed of the one equal undivided moiety of the premises so sold to the purchaser, who on the

4th December, 1829, by due course of law entered and expelled the plaintiff from the possession and occupation of the one undivided moiety of the premises granted and conveyed to him by the deed aforesaid, and from the possession and occupation of the moiety of the dwelling house and other improvements erected and made by him, and kept out and still keeps him out from the possession and occupation thereof. By reason whereof he hath not only lost and been deprived of the moiety of the said premises, but hath been obliged to pay the costs of an ejectment suit, prosecuted by R. Middlebrook to obtain the possession of the said moiety, and also the costs of defending such suit, amounting to large sums of money, to wit, &c. and so, &c. The defendants pleaded, 1. *Non est factum* ; 2. That R. Middlebrook did not, by due course of law, enter and expel the plaintiff ; and 3. That the plaintiff ought not to have or maintain his action to recover *any more or greater damages than the sum of* $125, being the one equal half part of the consideration money paid by him for the lot of land in the deed described, because they say that after the making of the deed, and after the sale of the moiety of the premises to R. Middlebrook, and *before* the sheriff executed his deed of the moiety to R. Middlebrook, and *before* the exhibition of the bill of the plaintiff in this behalf, to wit, on the 26th July, 1828, Uriah L., one of the defendants, *tendered* and offered to pay to the plaintiff *one hundred and twenty-five dollars*, being the one equal half part of the consideration money paid by the plaintiff to the defendants, and the whole of the consideration money paid by him to them, for the moiety of the premises sold to R. Middlebrook, which money the plaintiff refused to receive ; and they aver that always from the time of the making and executing of the deed to the plaintiff, they have been and still are ready to pay the said sum of $125, and they bring the same into court : concluding with a verification and prayer of judgment if the plaintiff ought to have or maintain his action to recover any more or greater damages than $125. To the last plea the plaintiff demurred and the defendants joined in demurrer.

*B. F. Butler,* for the plaintiff. Under the covenant against encumbrances, the plaintiff is entitled to recover an amount

sufficient to indemnify him for the damages he has sustained, and equivalent to the benefits derived by the grantors, which as appears by the declaration greatly exceeded the amount tendered by the defendants. According to the decisions in this state, if the plaintiff had paid the amount of the judgment to relieve the premises therefrom, he would have been entitled to recover the whole amount paid by him ; 4 *Johns. R.* 10; 7 *id.* 358, recognizing the rule adopted in *Massachusetts*, in the case of *Prescott* v. *Trueman*, 4 *Mass. R.* 627 ; 13 *Johns. R.* 105 ; 16 *id.* 122, 254. In all these cases the general doctrine is either recognized or actually applied, that the covenant against encumbrances is a covenant of indemnity, and that if the plaintiff has extinguished the encumbrance, he shall recover the full price he has paid for it. The price here paid was the value of the premises applied to the payment of the judgment. For a breach of the covenants of seisin, quiet enjoyment or warranty, it is conceded that a grantee would be entitled to recover only the consideration money, interest equivalent to the mesne profits, and costs of defence ; but it is insisted that this case is not governed either by the rule or the reason of the rule applicable to those covenants. The covenants for quiet enjoyment and warranty, are considered in law as inferior and subordinate to the covenant of seisin, which in respect to them is the leading and principal covenant, the eviction being the consequence of the want of seisin. In establishing the rule as to the measure of damages for a breach of these covenants, our court has placed great reliance on the fact that by the common law the plaintiff in an action on the covenant of seisin was confined to the value of the land at the time of the grant, and as the covenants of quiet enjoyment and warranty were subordinate to the covenant of seisin, there is great good sense in holding that the plaintiff should be confined to the same rule of damages under those covenants, to which he would have been limited under the other and principal covenant, especially when they were all broken by one and the same act, viz. the eviction for want of title. But the covenant against encumbrances stands on different ground ; it is a covenant to indemnify, and is never implied ; it is a covenant of modern invention, 2 *Mass. R.* 433, and no rule of

damages under it is to be found in the old books. Mr. Justice Van Ness, in *Pitcher* v. *Livingston, 4 Johns. R.* 10, admits that the covenant against encumbrances stands upon a different footing than do the covenants of seisin and for quiet enjoyment; he says that is to be governed by different principles; that it is strictly a covenant of indemnity, and the grantee may recover to the full extent of any encumbrances upon the land which he shall have been compelled to discharge. The plaintiff here claims damages for the breach of the covenant against encumbrances, without reference to the covenant of seisin, which in this case has not been broken. The fact of the encumbrance being against only one of the grantors, does not affect the case; an encumbrance against one is enough to entitle the plaintiff to his action. 2 *Wheaton,* 59. The covenant in this case was broken as soon as made, and the plaintiff might have brought his suit; but unless he had shewn that he had either paid the encumbrance or suffered some damage from it, he could only have recovered nominal damages. Considerations like those urged in *Pitcher* v. *Livingston, 4 Johns. R.* 10, for limiting the amount of the recovery to the consideration money paid by the plaintiff, have no force in this case. Here there is no hardship in compelling the defendants to respond to the full amount of injury sustained by the plaintiff; on the contrary, it is highly equitable they should pay, as the price for which the land sold was applied towards satisfaction of the debt for the payment of which the land was sold.

For the purpose of saving the costs of the demurrer, should the court be against the plaintiff on the principal point, it is urged that even if the consideration was the measure of damages, still the tender was bad, being made before eviction. The plaintiff was not bound to yield up possession to the purchaser until evicted by due process of law; and in that case, he would have been entitled to recover not only the consideration, but interest commensurate with the claim for mesne profits, and the costs of his defence. The grantee is not obliged to decide at his peril on the validity of a title set up in opposition to that which the grantor undertook to convey, and

therefore even in the case of a superior title, he is allowed to re-main in possession until eviction, *a fortiori* may he so remain when the claim is founded on a judgment sale, and that not perfected by a sheriff's deed.

*S. Sherwood*, for the defendants. The breach assigned is of the *covenant for quiet enjoyment;* and if there be a distinction as to the measure of damages under it, and the *covenant against encumbrances*, it is unavailable here. The *gravamen* of the declaration is, that the plaintiff has been evicted, and has lost the possession of a moiety of the premises; not that he has paid money to remove an encumbrance or to protect his pos-session, but that he has lost his possession. Where there is a change of possession, the action lies on the covenant for quiet enjoyment; where money is paid to remove or satisfy an encumbrance, it is on the covenant against en-cumbrances. In *Bennett* v. *Jenkins*, 13 *Johns. R.* 50, which was an action of covenant on a deed with full covenants, brought by a grantee who had been evicted, and where a case was made subject to the opinion of the court on the ques-tion as to the rule of damages, the court considered the right of the plaintiff to maintain the action as existing under the covenants of *seisin* and *for quiet enjoyment*, and disregarded the covenant against encumbrances, although the plaintiff had erected a valuable brick house on the premises, and it was conceded that the highest measure of damages would not compensate him for his loss. As to the mode of declaring and assigning breaches, the counsel also cited 2 *Wheaton*, 62, 3, *n. c.*, 4 *Mass. R.* 629, 8 *Pickering*, 54, 349, 2 *Wendell*, 405, 6, and observed, that testing the declaration in this cause by the rules laid down in those cases, it would be found to be a declaration on the covenant of quiet enjoyment, and on that alone; if so, he contended that the law is fully settled that the plaintiff's right to recover is limited to the consideration mon-ey, interest from the time that mesne profits may be demand-ed, and the costs, if any, of defending the title. *Staats* v. *Ten Eyck*, 3 *Caines*, 111. *Caulkins* v. *Harris*, 9 *Johns. R.* 324. This is the rule which prevails as to covenants of seisin, right to convey, for quiet enjoyment and of warranty; the two

former relating to the title, the latter to the possession. Covenants which go to the whole title are considered as superior, the other as ancillary or inferior, and yet, under the superior covenants, the utmost extent of the recovery is the consideration money, interest and costs, and that, although the value of the premises has been increased by improvements. 4 *Johns. R.* 1. 13 *id.* 50. 4 *Dallas,* 404. But had the plaintiff framed his declaration by assigning a breach of the covenant against encumbrances, he would not have been entitled to recover greater damages than he would for a breach of the covenant for quiet enjoyment. The covenant against encumbrances belongs to the inferior grade of covenants, and is classed with them, 2 *Wendell,* 405 ; it relates to the possession, and is subordinate to the covenant of seisin, which relates to the title and goes to the whole, while a covenant against encumbrances is intended to guard against a partial loss. Is it not absurd, therefore, to say that an inferior is more potential than a superior covenant, and that a covenant against a partial loss shall be more beneficial to a grantee than a covenant against a total loss ? It has never been decided that for a breach of the covenant against encumbrances, greater damages can be recovered than for a breach of the covenants of quiet enjoyment or of warranty. In *Delavergne* v. *Norris,* 7 *Johns. R.* 358, there was a recovery for money paid towards satisfaction of an encumbrance, but the case does not shew that the recovery exceeded the consideration money paid by the plaintiff to the defendant. In *Hull* v. *Dean,* 13 *Johns. R.* 105, the encumbrance fell short of the consideration money. In *Pitcher* v. *Livingston,* 4 *Johns R.* 10, Mr. Justice *Van Ness,* it is admitted, speaks of the covenant against encumbrances as a covenant of *indemnity,* and that the grantee may recover to the full extent of any encumbrances upon the land which he shall have been compelled to discharge. "But," he adds, "even there it will be found that *the same rule prevails in fixing the amount of damages* as in actions upon the covenants of seisin and for quiet enjoyment, that is, the party recovers what he has paid, with the interest, and no more." That the payment referred to by the learned judge is the sum paid as the consideration of the land, and

not that paid in discharge of the encumbrance, is manifest from the whole course of his reasoning in the opinion delivered by him. The grantee cannot complain that the encumbrances exceed the sum he is entitled to recover back, for he might have ascertained the existence and amount of such encumbrances at the time he took his deed. The argument urged on the other side that the grantors should be held liable beyond the consideration money, where, by the payment of an encumbrance, a debt is extinguished, and thus a benefit conferred on the grantors, has no application here, because U. Lockwood, one of the defendants sought to be charged, did not owe the debt for the payment of which the land was sold; it was the individual debt of his co-defendant. If then the damages were liquidated by the rules of law, the plea is good; the tender having been made before any mesne profits or costs had accrued, the defendants were liable only for the consideration of that part of the premises sold which was affected by the encumbrance. 1 *Wendell,* 553. 5 *Johns. R.* 49. 12 *id.* 226.

*Butler,* in reply. The court will not hesitate in saying that this is a declaration on the breach of the covenant against encumbrances. The covenant is expressly set forth, and the breach distinctly alleged. In doing so, the pleader, to be sure, has set forth the whole deed, from which it appears that there was also a covenant for quiet enjoyment, and it also appears from the proceedings set forth under the judgment that there has been an eviction, but such averment was necessary in this case under the covenant against encumbrances or the plaintiff would have been entitled to only nominal damages, it not being averred that he had extinguished the encumbrance by the actual payment of money. Upon a review of the whole subject, it will be perceived that there is nothing, either in the principles of the common law or in any adjudged case, to embarrass the court or prevent them from giving that effect to this covenant which is given to other personal covenants and contracts; and as the reasons which induced the giving the like effect to covenants of quiet enjoyment and warranty, which had been given to the covenant of

seisin, do not apply to this covenant, as this is entirely distinct from the covenant of seisin, and as upon principles of common sense and natural justice, a party ought to be held responsible for the violation of an express covenant, it is hoped that the plea will be adjudged bad, and that the demurrer will be declared to be well taken.

*By the Court*, SAVAGE, Ch. J.   The question upon this record is whether, in an action upon the *covenant against encumbrances*, the plaintiff is confined in his recovery to the amount paid by him as the consideration of the purchase, or whether he is also entitled to the enhanced value of the lot in consequence of improvements made upon it.

Where it is intended to convey a fee, it is usual to insert the following several covenants : 1. That the grantor is lawfully seised ; 2. That he has good right to convey ; 3. That the premises are free from encumbrances ; 4. That the grantee shall quietly enjoy the same ; 5. That the grantor will warrant and defend the title against all persons lawfully claiming the same ; and sometimes, 6. A covenant for further assurances.   It has been settled in this court, in *Staats* v. *Ten Eyck*, 3 *Caines*, 111, that in an action upon the first and second covenants, to wit, the covenants of *seisin* and *right to convey*, the rule of damages is the consideration and interest for so long a term (not exceeding six years) as the grantee loses the enjoyment of the premises, or is compelled to pay mesne profits after eviction.   This is the rule also in *Pennsylvania*, 4 *Dallas*, 442, and in *Massachusetts*, 2 *Mass. R.* 459.   The same rule of damages prevails in this state upon a breach of the covenants for *quiet enjoyment* and of *warranty*, with the addition of the costs of the eviction.   4 *Johns. R.* 1.   13 *id.* 50, 105.   In an action on the *covenant against encumbrances*, the rule of damages is that the plaintiff shall recover the amount he has paid ; without payment of the encumbrances, he would be entitled to nominal damages only, because an outstanding encumbrance does him no harm until he is evicted under it, or until he pays it, which he may do without waiting to be evicted. 7 *Johns. R.* 359.   13 *id.* 105.   2 *Wendell*, 405.   The reasons which influenced the court in adopting the rule as to the

measure of damages in the cases of the covenants of seisin, quiet enjoyment and warranty are, 1. That the measure of compensation at common law upon a writ of *warrantia chartæ* was the value of the land when the warranty was made ; 2. That upon the sale of lands, the purchaser usually examines the title for himself, and the seller discloses his proofs and knowledge of his title : the want of title therefore is a case of mutual error ; and 3. That it would be ruinous and oppressive to make the seller respond in damages for any accidental rise in the value of the land, or the increased value in consequence of improvements by the purchaser. These arguments apply to the principal covenant—that of seisin, which relates *to the title ; the other covenants* of quiet enjoyment, &c. are said to relate to the enjoyment of that title, and it was supposed to be unreasonable and inconsistent that the plaintiff should recover upon a breach of the covenant which affected the whole title, the whole value of the estate, and under another covenant in the same deed, which is considered an inferior and subordinate covenant, distinct and increased damages, because he was not permitted to enjoy that estate.   If the grantee recovers the value of the land under the principal covenant, that extinguishes the whole claim.   This course of reasoning had relation to the covenants for quiet enjoyment, of warranty, and for further assurance. The covenant against encumbrances was said by Mr. Justice *Van Ness* to stand upon a different footing ; that, he said, was strictly a covenant of indemnity, and the grantee may recover to the full extent of any encumbrances upon the land which he shall have been compelled to discharge, which he says is the same rule which prevails in relation to the other covenants, viz. that the party recovers what he has paid, with interest, and no more.

The first case which appears in our books as to the *covenant against encumbrances* is *Delavergne* v. *Norris,* 7 *Johns. R.* 358. It does not appear in that case what the consideration was, and the only question decided was that the plaintiff might recover the encumbrance which he had paid, but not one which remained unpaid, and the court refer to the case of *Prescott* v. *Freeman,* 4 *Mass. R.* 627, which was an action upon the covenant against encumbrances.   The encumbrance was an

outstanding paramount title in other persons. Chief Justice *Parsons*, in discussing the measure of damages and concluding that where the encumbrance was not extinguished the damages would be nominal only, reasons thus : " For the plaintiff shall not recover the value of the land against the grantor, and still hold the land on a contingency that he may never be disturbed in his possession ; neither shall the grantor, after having once paid the value of the land, be afterwards called on by the plaintiff on a subsequent eviction. But if it should appear to the jury who may inquire of the damages, that the plaintiff has at a just and reasonable price extinguished this title, so that it can never afterwards prejudice the grantor, they will consider this price as the measure of damages." He was then speaking of an encumbrance which was a paramount title, and which of course took the whole estate ; but no intimation was given, nor was any called for, that greater damages could be given. The next case in our court is *Hall* v. *Dean*, 13 *Johns. R.* 105, where the consideration appears to be $4,625, and the encumbrance paid $3,700 ; it was held that the outstanding judgment was a breach of the covenant against encumbrances, and that the plaintiff might recover the amount paid by him, but without paying it, he could only have recovered nominal damages. There are other cases to the same point, but they contain no intimation of what would be the true rule of damages in a case like the present.

It has been seen that in the state of Massachusetts the rule of damages upon breach of the covenant of seisin is the same as in this state, to wit, the consideration and interest and costs of eviction, where there has been an eviction. But upon the other covenants of quiet enjoyment and warranty, they hold the rule to be the value at the time of eviction. The case of *Gore* v. *Brazier*, 3 *Mass. R.* 523, was an action upon a deed containing the covenants of seisin, against encumbrances and of warranty. It is not important to state the facts of the case ; the court considered them a breach of the covenant of warranty, and proceeded to state the rule of damages, it being conceded that at the time of the sale the premises were worth $9000, and at the time of the ouster $15,000. In discussing

the subject of damages, Chief Justice Parsons recognizes the common law rule upon the ancient remedy by *warrantia chartæ*, but states that the remedy by an action for covenant broken is of ancient date, and that in a personal action of covenant broken, the general rule is that damages shall be recovered which shall be adequate to the injury sustained, and that the general practice has been to give the value of the land at the time of eviction ; and they gave the plaintiff judgment for $15,000. In *Caswell* v. *Wendell*, 4 *Mass. R.* 110, the rule of damages upon the covenant of seisin is again said to be the value of the land at the time the deed was executed, as agreed by the parties, with interest. The case of *Chapel* v. *Bull*, 17 *Mass. R.* 213, was an action of covenant, alleging a breach of the covenants of seisin, against encumbrances and of warranty. At the trial, the judge was of opinion that the facts shewed a breach of the covenant against encumbrances, and instructed the jury to give as damages the value of the land at the date of the defendant's deed. It appeared that the consideration money was $2000, but the premises had, been sold under proceedings in partition and conveyed to one Kirkland for $3000. The court said the true rule of damages was the consideration money paid and interest, because there had been no eviction, in which case the rule would be the value at the time of eviction. The case of *Jenkins* v. *Hopkins*, 8 *Pick.* 346, was similar in principle to that of *Chapel* v. *Bull.* The deed contained the covenants of seisin, warranty, and freedom from encumbrances. The declaration states that a judgment was a lien on the land in the hands of the person from whom the defendant derived title. The land lay in Ontario county, New-York, and had been sold upon the judgment and conveyed by the sheriff, though the purchaser had not taken possession. The court held that the judgment was an encumbrance which was a breach of the covenant against encumbrances, but that that alone would only entitle the plaintiff to nominal damages ; but proceedings had been had which defeated the plaintiff's title, and they held that where the encumbrance is changed into an adverse and indefeasible title, the plaintiff was entitled to recover the money he paid for the

land, with interest; for the plaintiff cannot remove the encumbrance, nor can he enjoy the land.

Chancellor *Kent* in treating of the usual covenants in deeds says, that the covenants of seisin, of right to convey and against encumbrances are personal covenants not running with the land, or passing to the assignee, for if not true, there is a breach of them as soon as the deed is executed, and they become choses in action which are not technically assignable; but the covenants of warranty and quiet enjoyment are prospective, and eviction is necessary to constitute a breach of them. 4 *Kents Comm.* 471, 2*d ed.* In discussing the subject of damages on the personal covenants, he says, that when they were introduced as a substitute for the remedy on the voucher and warranty, the measure of damages was not varied. In relation to *encumbrances,* if they absorb the value of the land, and the quiet enjoyment be disturbed by eviction, by paramount title, the measure of damages is the same as under the covenants of seisin and warranty. The uniform rule is to allow the consideration money with interest and costs, and no more. The ultimate extent of the vendor's responsibility under all or any of the usual covenants in his deed, is the purchase money with interest. Equity, he says, would compel the seller to raise the encumbrance and decree a specific performance. *idem.* 474. These are the opinions of a learned jurist, but the case before us had not suggested itself to his mind, and there is no case to be found as far as the researches of counsel have extended, which is analagous.

It is contended by the plaintiff's counsel that the plaintiff is entitled to recover not only the consideration, but the value of the improvements, at least the amount paid to extinguish the encumbrance, and that the covenant against encumbrances is distinguishable from the others in this, that the amount of the encumbrance paid by the plaintiff was paid for the defendant's benefit, being in payment of his debt. In this particular case that is true; but in the case of *Jenkins* v. *Hopkins,* cited from *Mass.,* the encumbrance was a debt of a previous owner. There are many such cases, and there the defendant derives no benefit from the payment. Perhaps it may be said

with truth, that in all or nearly all cases where property is lost to the purchaser by reason of previous encumbrances, the debtor himself is not benefitted though his creditors may be; for if he were not insolvent, recourse would not be had to property which had been sold by him for a valuable and full consideration; and probably this is the reason why so few cases are to be found upon the covenant against encumbrances.

There is another difficulty in the way of a recovery for the enhanced value. The covenant was broken as soon as the deed was executed, and before any improvements were made upon the lot, and in covenant the plaintiff recovers damages at the time the covenant is broken; the plaintiff then had a right of action, and had he then prosecuted or desisted from any expenditure of money, he would not have been left to a doubtful remedy. Again, it may be asked to what extent may a purchaser go under such circumstances in creating a claim against his vendor? In this case, the consideration of half the lot was $125, and the encumbrance was above $3000. Suppose the plaintiff, instead of building a house had paid the $3000 and brought his suit to be re-imbursed? he would bring himself within the language of some of the judges who say that a purchaser is entitled to recover what he has paid; and yet I apprehend he would not be permitted to recover that amount. But suppose again, what is probably the real state of this case: two persons are tenants in common of an acre of ground worth $100, one a wealthy man, the other insolvent, being tenants in common they unite in a conveyance with the usual covenants—can the purchaser buy a lien of $3344, a debt due by the insolvent, and recover it from his tenant in common, who may have no other earthly connection with him? I state this case hypothetically to show how the rule contended for by the plaintiff may work the height of injustice upon a mere stranger. Again, the facts in this case are sufficient to prove a breach of the covenant for quiet enjoyment. Had the plaintiff relied upon that covenant, the rule is well settled that no more than the consideration and interest and costs could be recovered; and is there any thing in the one covenant more than in the other, to indicate an undertaking by the grantor more extensive in one covenant than

the another? One ground assumed by *Kent*, when chief justice, in *Staats* v. *Ten Eyck*, and also by Chief Justice *Tilghman* in *Bender* v. *Fromberger*, is this: that the title of land rests as much in the knowledge of the purchaser as the seller; it depends upon writings, which both can examine. So it may be said that encumbrances, which are matter of record, are as much within the knowledge of the purchaser as is the seller's title. The seller, indeed, ought to know what encumbrances there are upon his property; but owners are often in utter ignorance upon that subject. They are so, even of judgments against themselves; and it is agreed on all hands that if fraud can be shown, or concealment, which would be evidence of it, that would constitute a good ground of action, in which the purchaser would recover all his damages.

Among all the cases which have been cited, there is none in our own court where the purchaser has been permitted to recover beyond the consideration and interest and costs. There is none in Massachusetts, where, under the covenant against encumbrances, the purchaser has recovered any more, though there the rule allows a recovery for the value at the time of eviction. All the reasoning of our own judges goes to limit the responsibility of the grantor to the consideration, with interest and costs, and I am unwilling to go further, where the principle to be established may lead to greater injustice.

Judgment for defendant.