By the Court.

Nelson, Ch. J.
The only question presented upon the pleadings in this case is, whether an action on the case will lie against the defendant for a false and fraudulent representation, made in respect to an incumbrance upon a lot of land, sold and conveyed by him by a warrantee deed to the plaintiff. The deed contained no formal covenant against incumbrance according to the plea, though the expressions following the covenant of seizin, “without any manner of condition to alter, change, determine or defeat the same,” which in Stanard v. Eldridge (15 Johns. R. 254), were construed to be, in effect, such a covenant, are found here. Conceding this to be a correct exposition of the terms, it can not, however, in my [196] judgment, vary the result; because, whether the deed contained this covenant or not, the question is not an open one in this court. The fraud is not merged nor extinguished by the covenant, but affords an additional and more complete remedy to the party. It is true, a doubt was expressed by Mr. Justice Marcy, in Leonard v. Pitney (5 Wendell, 30), whether an action at law would lie, under any circumstances, for a deceitful and false representation of title in the vendor ; but the remark was incidental, and was not material to the decision of the case, nor was it intended as the deliberate expression of an opinion. The principle of the case of Wardell v. Fosdick & Davis (13 Johns. R. 355), appears to me to be decisive in favor of maintaining the action; and that too, whether the deed contains a covenant or not. There the title wholly failed, as there was no such land in existence as described in the deed ; and which fact was known to the defendants at the time of the conveyance. The deed contained no covenant except against the acts of the grantors, but they assigned to the plaintiff a deed of the premises made to themselves, by one Corlies, which contained full covenants, and which together were, in legal effect, and so considered by the counsel and court, a conveyance of the land with covenants of title. The action was for deceit in the sale, and a recovery was resisted upon the ground, among others, that the purchaser must rely upon liis covenants. The court say, there is no legal objection to the form of action, and that where the party has been induced,'by a fraudulent representation, to pay his money and accept a deed, it is immaterial whether any or what covenants are contained in the deed. The purchaser defrauded has a right to treat the deed as a nullity, and may maintain an action on the case for the deceit.
It was attempted upon the argument to distinguish that case from the present upon the ground before mentioned, that there was no such land in existence as the deed porported to convey ; but it can in nowise be important to the decision, how or in what way the title fails or is embarrassed; the defect of title is the material point. Besides, the only reason that can be urged *113 .against sustaining this action is that the grantee should be compelled to look to his covenants. That reason applies with as much force in the case of a failure of title on account of the non-existence of the land described, as where the title fails by reason of some other defect.
The authorities sustaining the general principle, that this action' lies for deceitful and false representations respecting the title to lands in the sale of them, without adverting particularly to the fact of the covenants of title in the deed of conveyance, are numerous (2 Caines, 193; 4 Johns. R. 1, Van Ness J.; 13 id. 395; 7 Wend. 380; 1 Inst. 384, a. § 1; 4 Cruise, 88; 2 Ld. Raym. 1118; 2 Co. Litt. 384, Tho’s ed. n; 1 Fonbl. 374, 5, n; 3 Johns. Ch. R. 528; 10 Wend. 155, Savage, C. J. ; Sugden on Vend. 491, 2; Doug. 654; Platt on Covenants, 354).
Judgment for plaintiff on demurrer; leave to amend on payment of costs.