## CARVILL v. JACKS ADM'R.

1. **DAMAGES** : *For fraud.*
   Fraud and injury must concur to furnish ground for judicial action. Fraud without damage or damage without fraud is not suffi- cient.

2. **SAME** : *Fraudulent representations*: *Who may sue for.*
   It is not necessary to support and action for false representation, that the representation be addressed directly to the plaintiff. If it be made with the intent to influence every person to whom

it may be communicated, or who may read or hear of it, it is sufficient. Nor is it essential to the right of action that the misrepresentation be the sole inducement to a purchase.

3. SAME: *Same: Measure of damages.*
    In an action for breach of the covenants of seizin and quiet enjoyment in a deed, the measure of damages is the purchase money and interest; but where the purchase is induced by the vendor's false and fraudulent representations of his title, the purchaser may, upon eviction by a better title, sue upon the fraud and recover the purchase money and interest and also the value of such improvements made upon the land as were consistent with the use for which he purchased it.

ERROR to *Phillips* Circuit Court.

Hon. J. N. CYPERT, Judge.

*James P. Clark* for plaintiff.

Where a vendor during a negotiation for a sale makes a false and fraudulent representation that induces another to purchase, he is responsible for the damage sustained by the purchaser, although the fraudulent representations were not made directly to him, but to another. *Alexander v. Beresford*, 5 *Cushman*, (*Miss.*), 747. In civil as well as criminal matters, a person is responsible for all consequences that reasonably result from his acts.

A warranty knowingly false, may be waived as a contract and an action for fraud maintained. *Lewis v. Talliafero, Sup. Ct. Ga., Dec.* 5, 1876, 3 *Reporter* 349.

The falsity of Jacks' representations, and the eviction of plaintiff is sufficiently shown by the record in Ewart v. Carville by which he is bound.

*Tappan & Hornor* for defendant.

The declaration of law made by the court was correct. *Pritchard v. Livingston* 4 *J. R..*, page 1; *Sedgwick on damages, p.* 207.

The trade was made with Geo. A. Carville, and he sold the land to appellant, who agreed to take a deed direct from Jacks; there were no representations made to appellant, and no transaction with her.

DuVAL, S. J.    Prior to the 2nd day of December A. D. 1881, the appellant instituted an action in the Circuit Court of Phillips county against the appellee for damages for the loss of the land she was induced to buy from him by his false and fraudulent representations as to his title, and for improvements made thereon.    She laid her damages at the sum of twelve hundred and fifty dollars.

The facts set forth in her complaint are substantially : That appellee represented to her that he held the land mentioned and described in her complaint under a deed executed to him under a purchase at a sale of lands for non-payment of taxes on the 13th day of May 1872.

That the same had never been redeemed.    That the owners of the land were minors at the time of the sale, and were still entitled by law to redeem, but before this vendee could be evicted the owners would be required to tender and pay the full value in money of all improvements made thereon, and all the taxes and costs first paid by him upon said lands, and interest at one hundred per cent. and twenty-five per cent per annum upon all costs and taxes paid thereafter from the time the same were paid, and that such right would pass and vest in her by her deed.    The land was free from incumbrances made or suffered by him.    That he was possessed of full right to convey and transfer said land, and her title could only be defeated by the Ewart heirs, who were the owners of the land, and who were minors at the time of the sale, and could redeem at any time within two years after they came of age, but only upon the terms as already

stated. That he, as purchaser of the said lands, had done or suffered no act which in any way impaired her right to claim the redemption money allowed as aforesaid by law, and that the said right remained in full force, and his assignee would take it free from incumbrance or set-off. That said representations were false, and the said land had long before been redeemed and said Jacks had received payment in full for all that was due him by reason of his said purchase. That plaintiff, reposing faith and confidence in the truth of these representations purchased the land, paid the purchase money, and the said defendant conveyed it to her and she entered into possession thereof and made permanent and valuable improvements thereon to the value o $1,000.

That afterwards the said heirs at law of A. P. Ewart sued her for possession of said land and recovered the same from her and she was evicted therefrom; that said Jacks (appellee) was a party to the said suit and made no defence.

That all and singular the statements and representations made by the appellee were false and fraudulent and the said appellee well knew them to be false at the time; and that the plaintiff was induced thereby to purchase said land and sustained damages as above stated.

The appellee answered, admitting the selling of the land described in the complaint to the appellant, that she paid him the purchase money agreed upon and he executed and delivered to her a deed for the same. Denies that he made representations about what it would take to redeem; that the purchase was made by George Carvill, who was entirely familiar with his title, and that he purchased at the same time a tract of land from the

appellee of about 148 acres (out of which one acre conveyed to appellant was taken) for the purpose of getting possession and buying in the title of the heirs of Ewart, which he expected to get at a small price; admits the eviction of the plaintiff in the suit of the Ewart heirs, of which he was a party. The complaint and answer are unnecessarily long and the pleadings evidently ignored the requirements of the code that the complaint and answer should contain a statement in ordinary and concise language, without repetition of the facts constituting the plaintiff's cause of action or the defendant's defence. Many of the statements in both are merely matters of evidence.

The case was submitted by consent to the court sitting as a jury, who after hearing the evidence and argument of counsel found as follows :

"That there was no sale of the property described in the complaint, by the defendant to the plaintiff, but that the same was purchased by plaintiff, from George A. Carvill, and the deed was made by defendant, to plaintiff at the request of the said George A. Carvill." And declared the law of the case to be, "That to entitle plaintiff to recover in this action there must have been a sale by the defendant to plaintiff; that the defendant, to induce plaintiff to make the purchase, made false and fraudulent representations to her in regard to his title, or the right which she acquired, which did induce the purchase, and by which she was damaged."

The court below rendered judgment against the plaintiff, that she take nothing by her suit and that defendant recover against her all of his costs.

The plaintiff filed a motion for a new trial because: 1st, the declarations of law made by the court are incorrect; 2nd, the finding of facts by the court is contrary to the

Carvill v. Jacks, Adm'r.

evidence, and 3rd, the court erred in excluding evidence as to the value of improvements."

The court below overruled the motion to which the plaintiff excepted and appealed to this court.

The defendant admitted in his answer "the selling of the land to the plaintiff, that she paid the purchase price agreed upon, that he executed and delivered to her a deed for the same, and that he represented he held a tax deed for the land;" but he denied that he represented that before the title could be divested the parties entitled to redeem would have to pay his vendee the full value of all improvements and the taxes paid, with interest at the rate of one hundred per cent on the amount first paid and twenty-five per cent on all costs and taxes afterwards, and then proceeds to explain the transaction by statements more in the nature of evidence than pleadings; set up that the receipt for the redemption money given to Dawson, exhibited in the complaint, was surrendered by Dawson to him and in fact no money was paid him by Dawson.

The only issue raised by the pleading is as to whether the defendant made the false and fraudulent representations which induced the plaintiff to purchase the land, and make valuable and permanent improvements; the sale to her, the payment of the purchase money and conveyance being as before stated by the defendant in his answer, admitted.

The testimony as set out in the bill of exceptions also clearly establishes the fact of the sale and conveyance by defendant to the plaintiff, of the land.

The plaintiff read in evidence a deed executed by the defendant on 22d day of May, A. D., 1879, by which he conveyed to her and her heirs and assignees, one acre of land more or less in consideration of the sum of one hun-

dred and fifty dollars to him in hand paid, with a coven-
ant to ever warrant and defend the same against all per
sons claiming under him *"except the Ewart heirs, who are
to have a reasonable time to redeem."*

On the first day of May, 1878, the defendant had
entered into a contract in writing with George A. Car-
vill, who was the son of the plaintiff, by which he sold
to him all the unsold portion in *"one,* south, range, five,
east, known as the Mrs. Ewart place, and after setting
out the various sales made out of said tract, states the
amount then sold to be about one hundred and forty-
eight acres; recites that he conveyed to Carvill all the
interest he has in these lands, subject to the agreement
made by him, T. M. Jacks and Mrs. Ewart, in her life-
time, which agreement required T. M. Jacks to let Mrs.
Ewart redeem the place in a reasonable time by paying
back to T. M. Jacks the money he had paid out for
taxes up to the time of redemption, with the 'premiums
on tax sales that the law then allowed ; that is to say, one
hundred per cent and ten per cent on the whole.    This
agreement was made some six or eight or more years
ago; Mrs. Ewart and her heirs had the possession and use
of the place till last year; so there is no reduction from
the amount on account of rents, and binding himself
upon payment of the note for balance of purchase money,
to make said Carvill or his assigns a quit claim deed to
said lands, guaranteeing against all persons claiming by,
through or under him except the heirs of Mrs. Ewart,
whose right to redeem must be respected a reasonable
time longer."

The plaintiff also proved by Herman Carvill, that
defendant represented that before any person holding
possession under the tax title could be evicted, the heirs
of Mrs. Ewart would be compelled to pay the taxes, pen-

alties and cost, with the rate of interest prescribed by law, and the value of all improvements placed thereon; and the amount already due was greatly in excess of the real value of the land; and that plaintiff was familiar with the terms of the written contract between appellee and George Carvill above referred to.

That the plaintiff and George A. purchased on the faith of the representations of defendant and entered upon the land and made valuable improvements thereon. That while they were making the improvements one of the heirs and Dawson, to whom the receipt was given, informed them that defendant had no title to the land, because it had been redeemed, and thereupon witness and George informed the defendant of what they had heard and he insisted that the statements were false.

It is abundantly proven by the receipt from Jacks to Dawson and complaint and answer and decree of the Circuit Court of Phillips county in the case of *Helen Ewart et al v. George A. Carvill, T. M. Jacks and others*, that the land had long prior to the sale to the plaintiff been redeemed, and the plaintiff was evicted from the same without compensation for improvements or purchase money. Defendant was estopped by the decree from denying that the land had been redeemed before his sale to plaintiff.

From the testimony as well as the admission in the answer, it is evident that the court below erred in its findings as to the facts in the case.

It is apparent that the plaintiff in the court below was induced to purchase the land by the false and fraudulent representations of the defendant, that she paid him the price mentioned in her complaint and was damaged by the transaction.

The declaration of law made by the court is substan-

tially correct and according to our finding of the facts under it, the plaintiff was entitled to judgment.

Fraud and injury must concur to furnish ground for judicial action.

**1. DAM-AGES for fraud.** Fraud without damage or damage without fraud will not do. *Freeman v. McDaniel*, 23 *Ga.*, 354; *Taylor v. Green*, 58 *N. Y.*, 262–266; *Nye v. Merrian*, 35 *Vermont*, 438; *Harrison v. Edgerly*, 29 *N. H.*, 343; *Clark v. White*, 12 *Pelin*, 178.

**2. Fraudulent representations: Who may sue for.** It is not necessary to the support of the action for false representation that the representation should have been addressed directly to the plaintiff. If it were made with the intent to influence every person to whom it might be communicated, or who might read or hear of it, it is sufficient.

The latter class of persons would be in the same position as those to whom it was directly communicated. *Cazeux v. Mati* 25 *Barber*, 573; *Zabriskin v. Smith*, 13 *N. Y.*, 322; *Smithee v. Calvert*, 44 *Indiana*, 242.

Nor is it essential to a right of action that the misrepresentations were the sole inducements to a purchase. *Barrett v. Western*, 66 *Barb.*, 205; *Safford v. Grout*, 120 *Mass.*, 20.

It is a principal of natural justice long recognized in the law, that fraud or deceit, accompanied with damages is a good cause of action to a sale of land as well as in respect to personal property. 1 *Comstock*, 308; 13 *Johns.*, 395; 7 *Wendell*, 386; 17 *Wend*, 193; *Haight v. Haight*, 19 *N. Y.*, 464.

**3. Measure of damages.** What the measure of damages should be in a case like this is a question of some difficulty.

An action for deceit will lie for fraudulently selling land which has no real existence, notwithstanding any covenants in the deed, which the plaintiff may treat as

nullities.    *Waddell v. Fordyck,* 13 *Johns.* 324 ; *Ward v. Winan,* 17 *Wend.,* 192.

Damages are defined to be the indemnity recoverable by a person who has sustained an injury either in his person, property or relative rights through the act or default of another.    1 *Bouvier's Dict.,* 420.

Generally the court is not particularly careful to weigh "in golden scales" the damages recoverable in tort. *Browne's Dict.,* 102.

The general rule is that damages are or ought to be compensatory.    *Rockwood v. Allen,* 7 *Mass.;* *Yates v. Joyce,* 11 *Johns.,* 136 ; *Allerson v. McClure,* 18 *Ohio,* 726 ; *Fry v. Parker,* 53 *N. Y.;* 16 *American Reports,* 270.

The case of *Pitcher v. Livingston,* 4 *Johns.,* 1, cited by counsel for appellee announces the measure of damages in a suit for breach of covenant of seizure and quiet enjoyment in a deed to be the purchase money with interest.    That no allowance for the improvements nor for the increased value of the land can be made in such action.

But the corut say "if any imposition be practiced by the grantor, by the fraudulent suppression of the truth or suggestion of falsehood in relation to his title, the grantee may bring an action on the case in the nature of deceit ; and in such action he would recover to the full extent of his loss."

From the authorities herein cited it would follow that the plaintiff was entitled to the value of such improvements made by her upon the land as were consistent with the use for which she purchased it as well as the money paid by her to the defendant for the land with lawful interest.

This would only be a fair compensation for the injury resulting from the defendant's fraud.

He is not entitled to have the damages "weighed in golden scales" and we think the above measure is nothing more than equal and exact justice.

The court therefore erred in excluding evidence as to the value of the improvements made by the plaintiff.

The judgment of the Circuit Court in overruling the plaintiff's motion for a new trial should be reversed, and the case remanded to the Circuit Court of Phillips county with instructions to grant the plaintiff a new trial and to proceed with the cause according to the opinion of this court.