## W. G. PEARSON v. J. E. FORD.

1. MORTGAGE—*Assumption in Deed—Chose in Action.* Where G. is the owner of nine lots, and conveys seven of them to P., who assumes and agrees to pay a mortgage upon the nine lots, and afterward conveys the remaining two lots to F. by deed of general warranty, and such conveyance to F. is made during the pendency of a foreclosure of the mortgage assumed by P., the covenant to pay such incumbrance becomes a chose in action upon which F. cannot maintain a cause of action.

2. REAL ESTATE—*Eviction—Measure of Damages.* If a subsisting incumbrance absorb the value of the real estate, and the quiet enjoyment be disturbed by eviction by paramount title, the measure of damages is the same as under the action of seizin and warranty, viz., the consideration-money, with interest and costs, and no more.

MEMORANDUM.— Error from Harvey district court; L. HOUK, judge. Action for damages from failure to pay mortgage, by J. E. Ford against W. G. Pearson. Judgment for plaintiff for $236.48. The defendant brings the case to this court. Reversed. The material facts ·are stated in the opinion, filed October 23, 1895.

*Bowman & Bucher*, for plaintiff in error.

*Ady, Peters & Nicholson*, for defendant in error.

The opinion of the court was delivered by

COLE, J. : This was an action brought in the district court of Harvey county by the defendant in error, J. E. Ford, to recover from the plaintiff in error, W. G. Pearson, on an agreement made by said Pearson to pay an incumbrance on certain real estate. Prior to February 1, 1887, one Graham was owner of nine lots in the city of Newton, upon which lots there were two mortgages which had been given by the grantor of said Graham. On the date above mentioned Graham and his wife conveyed by warranty deed to Pearson seven of the nine lots, and said conveyance contained a provision by the terms of which Pearson assumed and agreed to pay both of said mortgages. On the 7th day of August, 1888, said Graham and his wife conveyed by deed of general warranty the two remaining lots to Ford. On December 2, 1887, J. H. Weible, who was owner and holder of one of the mortgages above referred to, commenced his action in the district court of Harvey county to foreclose said mortgage, which was for the sum of $1,230 and interest. Both Graham and Pearson were made parties defendant in said action, and on the 17th day of October, 1888, a decree

was rendered in the district court directing the sale of the real estate described in said mortgage, which included the seven lots conveyed by Graham to Pearson and the two lots conveyed by Graham to Ford, which sale was afterward made by the sheriff of Harvey county, and the same confirmed and the sheriff ordered to make a deed of said premises so sold; and under said order the sheriff, on the 8th day of April, 1889, executed to Weible, a deed to all of said real estate. On April 13, 1889, the defendant in error, Ford, brought this action, claiming that by the failure of Pearson to perform his contract with Graham to pay the mortgage to Weible, he, Ford, had lost the two lots conveyed to him by Graham, and praying for a judgment against Pearson for the value of said two lots, which was alleged to be $2,000.

The defendant in error contends that the agreement made by Pearson to pay the incumbrance was in the nature of a covenant running with the land. The plaintiff in error contends : (1) That such an agreement is not a covenant running with the land ; (2) that Ford obtained his conveyance with notice of the pendency of the suit of Weible to foreclose the mortgage, that Pearson had promised to pay, and of Pearson's failure to fulfill his promise, and that by reason of such failure Pearson's covenant with Graham had been broken. The district court sustained the position of defendant in error, and instructed the jury that the only question for them to determine was the value of the lots which had been conveyed to Ford. While there are numerous errors alleged, they all arise from the position taken by the trial court with reference to this one question, and they may all be considered together. The general rule is, that those covenants which inure to the benefit of the land alone are such

as run with it, and all other covenants are personal, but that a covenant which is broken before title passes becomes a mere chose in action.

The members of this court are not agreed upon the proposition as to whether a covenant to pay an incumbrance is one running with the land, but they are agreed that it is unnecessary to decide that question in this case. The only case cited by counsel for defendant in error to sustain his position upon that point is *Wilcox v. Campbell,* 35 Hun, 255. In that case the decision seems to have been made upon a state of facts similar to that which exists in this case, with this exception, that the conveyance by the common grantor of the second tract of land, answering to the piece conveyed in this case to Ford, was by quitclaim deed, which left the grantee without remedy upon a warranty of his grantor. The court there says, that if they are in error in the position taken as to the covenant being one which runs with the land, still in that state the quitclaim deed would be an assignment of the chose in action, if such it was, from the grantor to the grantee. In the case at bar the conveyance to Ford was by a warranty deed, which clearly left Ford in a position to maintain a cause of action against Graham upon his warranty. The evidence is somewhat conflicting as to the date when the first note secured by the Weible mortgage became due, but it is clear to us by all the evidence in the case that it must have been September 1, 1887, for the foreclosure proceedings were commenced December 2, 1887, and as both Pearson and Graham were parties defendant in said cause, they and their subsequent grantees would be bound by the decree in that case, which establishes September 1, 1887, as the date when the first payment became due under the Weible mortgage. As Ford re-

ceived his conveyance on the 7th day of August, 1888, the covenant made by Pearson to Graham had, at the date when Ford received title, been broken and reduced to a mere chose in action, which did not pass by assignment in the warranty deed given by Graham to Ford. But conceding for a moment that Ford could maintain a cause of action against Pearson for his failure to perform the covenant in the Graham deed, what would then be the measure of damages in such a case? The defendant in error proceeds upon the theory that he would be entitled to recover the value of the lots conveyed to him by Graham at the time of his eviction under the foreclosure proceedings, and if his position be correct, then Ford might be permitted to recover from Pearson a much greater sum than he could recover from his grantor for an entire failure of title. The evidence in this case discloses that the consideration from Ford to Graham was "$1 and other valuable consideration." What the "other valuable consideration" was does not appear, so we must treat the consideration as being $1. We are thoroughly of the opinion that the rule of damages in a case of this character is the same as that which has been adopted for so many years by all the courts of this country, with possibly three or four exceptions, namely, the consideration-money with interest and costs, and no more. To establish any other rule would be to step aside from the entire line of authorities, not only in this country but in England. Chancellor Kent, in his Commentaries (13th ed., vol. 4, p. 477), says:

"If the subsisting incumbrance absorb the value of the land, and the quiet enjoyment be disturbed by eviction by paramount title, the measure of damages is the same as under the covenants of seizin and warranty. The uniform rule is to allow the consideration-money with interest and costs, and no more. The

ultimate extent of the vendor's responsibility under any or all of the usual covenants in his deed, is the purchase-money with interest.''

And surely the vendee in a deed could not be permitted to recover any greater sum under a covenant which he received from his vendor by assignment than he could recover from the vendor himself.   In *Foote v. Burnet*, 10 Ohio, 335, the court adopted the rule laid down in *Dimmick v. Lockwood*, 10 Wend. 142. In that case the consideration paid was $125, and the enhanced value, by reason of improvements, was $1,000.   A moiety of the premises had been sold by virtue of a pre-existing judgment against the grantor. The court held that the grantee was entitled to recover only the consideration of the purchase of the portion lost, with interest and costs, and not the enhanced value in consequence of improvements.   In giving the opinion of the court, Chief Justice Savage· says : ''Among all the cases which have been cited there is none in our court where the purchaser has been permitted to recover beyond the consideration-money and interest and costs.''

It follows from these views that the judgment of the trial court must be reversed, and it is therefore ordered that said judgment be reversed, and said cause remanded to the district court of Harvey county with instructions to sustain the demurrer to the petition of the plaintiff below.

All the Judges concurring.