PHILIP KRUMM, Respondent, v. SUSANNAH BEACH, et al., Appellants.

In an action against a husband and wife for fraud in the sale of lands, the complaint alleged in substance that plaintiff, induced by the false and fraudulent representations set forth, made by the defendants, purchased of the wife certain lands. The defendants answered jointly; the answer admitted the purchase by plaintiff from the wife, and its averments showed that the husband in the negotiations assumed to act for the wife and as her agent. It appeared upon the trial that the negotiations were between plaintiff and the husband; that the contract of sale was made by the latter in his own name, and that he made the representations complained of without the knowledge of his wife. She, however, conveyed the land to plaintiff and received and retained most of the proceeds of the sale. *Held*, that the case was brought within the rule making the receipt and retention by a principal of the fruits of a fraud involve a liability on account of it, although himself innocent of personal participation in the wrong; and that, therefore, a motion on the part of the wife for a nonsuit was properly denied.

A vendee of real estate, who was induced to purchase by means of false representations, has an election of remedies ; he may rescind the contract, and after an offer to reconvey, recover back the consideration paid, or he may retain the land and recover damages for the fraud.

In an action to recover the damages, the measure of damages is not limited, as in actions for breaches of covenant, to the consideration paid and the interest thereon, but is the difference in value between the property conveyed and that which would have been conveyed had it been as represented.

(Submitted June 6, 1884 ; decided October 7, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 28, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*David F. Day* for appellants. This being an action of fraud where special damages are not alleged, what, if any thing, the plaintiff had, by reason of the fraud, actually lost in the transaction must be the limit of the damages to be recovered. (*Schneider* v. *Heath*, 3 Camp. 505 ; *Roglehite* v. *Walters*, id. 153 ; *Pickering* v. *Dawson*, 4 Taunt. 779 ; *Early* v. *Garrett*, 9 B. & C. 928 ; *Culver* v. *Avery*, 7 Wend. 381 ; *Getty* v. *Devlin*, 54 N. Y. 403, 415 ; 70 id. 504 ; *Ind., Peru & Chicago R. W. Co.* v. *Tyng*, 63 id. 653.) It was competent for defendants to show what was the actual value of the property by which the plaintiff had paid the price of the Allegany lands. (*Wheeler* v. *Billings*, 38 N. Y. 263.) In an action for fraud where, as in this case, there was no money passing, but the parties made an exchange of property, at a gross figure, before the plaintiff should recover, some offer to return the property received by him should have been shown. (*Curtiss* v. *Howell*, 39 N. Y. 215 ; *Cobb* v. *Hatfield*, 46 id. 533 ; *Guckenheimer* v. *Angevine*, 81 id. 395 ; *Voorhees* v. *Earl*, 2 Hill, 288 ; *Green* v. *Smith*, 29 Hun, 166 ; *The Matteawan Company* v. *Bentley*, 13 Barb. 643 ; *Mason* v. *Bovet*, 1 Denio, 69, 73 ; *Campbell* v. *Fleming*, 3 N. & M. 834 ; 1 Ad. & E. 40 ; *Minturn*

v. *Main*, 3 Seld. 220; *Wheaton* v. *Baker*, 14 Barb. 594.) Even if Elias W. Beach had been authorized as Susannah Beach's agent to sell the property, no authority to warrant the article sold, or to make any representation in regard to it, is to be presumed. (20 Alb. L. J. 402; 2 Addison on Torts, §§ 1310, 1311; *Smith* v. *Tracey*, 36 N. Y. 79, 85; *Bennett* v. *Judson*, 21 id. 230; *Elwell* v. *Chamberlain*, 31 id. 611; *Condit* v. *Baldwin*, 21 id. 219; *Bell* v. *Day*, 32 id. 165, 178; *Owings* v. *Hull*, 9 Peters, 608, 629; *Bell* v. *Cunningham*, 3 id. 69, 76, 81; *Brady* v. *Todd*, 99 Eng. Com. Law, 591, 601, 605; *Freeman* v. *Rosher*, 66 id. 787; *Seymour* v. *Wyckoff*, 10 N. Y. 213; *Kennedy* v. *McKay*, 14 Vroom [43 N. J. L.], 288; *Udell* v. *Atherton*, 7 H. & N. 172; *Western B'k of Scotland* v. *Addis*, L. R., 1 Sc. App. 146.)

*George M. Osgoodly* for respondent. The action being one for fraud and deceit the gravamen thereof consists in the false and fraudulent representations made to plaintiff. (*Colver* v. *Avery*, 7 Wend. 380; *Clark* v. *Bond*, 9 N. Y. 183; *Peters* v. *McKeon*, 4 Denio, 546; *Baldwin* v. *Munn*, 2 Wend. 399; *Blanchard* v. *Ely*, 21 id. 346; *Fletcher* v. *Button*, 6 Barb. 646.) In a case of fraud in the sale of land the plaintiff would be entitled to a specific performance in equity in the first instance, or he would be entitled to recover by way of damages the difference between the contract price and the enhanced or real value of the land, at the time of the breach, in either case, at his election. (*Hopkins* v. *Grazebrook*, 6 B. & C. 31; *Trull* v. *Granger*, 8 N. Y. 115; *Peters* v. *McKeon*, 4 Denio, 550; *Mack* v. *Patchin*, 42 N. Y. 167; *Davis* v. *Lewis*, 4 Bibb, 456; *Rutledge* v. *Lawrence*, 1 A. K. Marsh. 396; *Duncan* v. *Tanner*, 2 J. J. Marsh. 399; *Cook* v. *Taylor*, 2 Tenn. 50; *Stevenson* v. *Harrison*, 3 Litt. 170; *Robinson* v. *Heard*, 15 Me. 296; *Lee* v. *Russell*, 8 Ired. 826; *Bush* v. *Cole*, 28 N. Y. 261; *Pringle* v. *Spaulding*, 53 Barb. 17; *Griswold* v. *Sabin*, 51 N. H. 167; *Allen* v. *Atkinson*, 21 Mich. 351; *Good* v. *Good*, 9 Watts, 567; *Lee* v. *Dean*, 3 Wheat. 316; *Hammond* v. *Henin*, 21 Mich. 374; *Flureau* v. *Thornhill*, 2

W. B. C. 1078; Sedgwick on Damages, 184–189 m. p.; *Brinckerhoff* v. *Phelps*, 43 Barb. 469; *Pumpelly* v. *Phelps*, 40 N. Y. 60; *Bush* v. *Cole*, 28 id. 261; *Conger* v. *Weaver*, 20 id. 140; *Kellogg* v. *Krauser*, 14 S. & R. 142; *Clark* v. *Baird*, 9 N. Y. 185; *Fagen* v. *Davison*, 2 Duer, 153; *Harris* v. *Panama R. R. Co.*, 3 Bosw. 16–17; *Phillips* v. *Terry*, 5 Abb. 330; *Marquart* v. *La Farger*, 5 Duer, 565; *Griffin* v. *Colon*, 16 N. Y. 489; *Schile* v. *Brokhahus*, 80 id. 620; *Clark* v. *Bond*, 9 id. 183; *Taft* v. *State*, 39 Conn. 82; *Tinson* v. *Welch*, 51 N. Y. 246; *Walf* v. *Goodhill*, 43 Barb. 400.) In the case at bar the measure of damages would be the difference between the value of the property exhibited and the actual value of the land conveyed. (*Morrell* v. *Colden*, 13 Johns. 395; *Hubbell* v. *Meigs*, 50 N. Y. 480, 481; *Graves* v. *Spier*, 58 Barb. 349; *Taylor* v. *Selden*, 3 Alb. L. J. 395; *Joy* v. *Hopkins*, 5 Denio, 84; *White* v. *Miller*, 71 N. Y. 118; 78 id. 393; *Rogers* v. *Ackerman*, 22 Barb. 134; *Nickley* v. *Thomas*, id. 652; *Dana* v. *Fiedler*, 12 N. Y. 40; *Fletcher* v. *Button*, 6 Barb. 650; 4 N. Y. 402–403.) The offer of the defendants to show the value of the Folsom street house and lot conveyed by the plaintiff to Susannah Beach as a part of the purchase-price of the lands which are the subject-matter of the action was properly rejected. (*Long* v. *Warren*, 68 N. Y. 126.) In an action founded on fraud a counter-claim founded on contract cannot be allowed. (*People* v. *Dennison*, 84 N. Y. 272.) It was not necessary for the plaintiff to offer to reconvey the land to defendants before bringing action; he could retain the property and bring suit for damages at his election. (*Colver* v. *Torry*, 7 Wend. 380; *Day* v. *Pool*, 52 N. Y. 416; *Baker* v. *Lever*, 5 Hun, 114; *Newberry* v. *Garland*, 31 Barb. 121.) The plaintiff owed no duty of active diligence toward the defendants to discover the fraudulent representations. (*Mead* v. *Burns*, 32 N. Y. 275; *Brown* v. *Post*, 1 Hun, 304; *Clark* v. *Rankin*, 46 Barb. 570.) As neither of the defendants had title to the premises, exhibited by Elias W. Beach to the plaintiff, and as the forty acres of level timber land had no existence,

plaintiff can only seek in damages remuneration for the fraud perpetrated on him in an action for fraud and deceit. (*Beardsley* v. *Duntley*, 69 N. Y. 577; *Bennett* v. *Judson*, 21 id. 238, 239; *Baker* v. *Union Mut. L. Ins. Co.*, 43 id. 288, 289; *Graves* v. *Spier*, 58 Barb. 349.) An appropriation of the fruits of the wrongful act of an agent is a ratification of such act and makes the party liable to the same extent as if his acts had been expressly authorized. (*Murray* v. *Beninger*, 3 Keyes, 107; Cro. Eliz. 824; *Craig* v. *Ward*, 3 Keyes, 387; 4 Inst. 317; *Waterman* v. *Dalley*, 51 N. Y. 341; *Garner* v. *Mangam*, 93 id. 643; *Lee* v. *Sandy Hill*, 40 id. 488; *Sandford* v. *Handy*, 23 Wend. 268; *B'k of U. S.* v. *Davis*, 2 Hill, 452; *Rawls* v. *Deshler*, 3 Keyes, 572; *Taylor* v. *G. I. P. R. R. Co.*, 4 D. & J. 559, 574; *Exchange B'k* v. *Monteath*, 17 Barb. 171; *North River B'k* v. *Ayman*, 3 Hill, 268; Kerr on Frauds and Mistakes, 137; id. 111, 112; *Herne* v. *Nichols*, 1 Salk. 289; 1 Parsons on Contracts, 73; Story on Agency, §§ 308, 452, 456; Dunlap's Paley on Agency, 306; *Taylor* v. *Guest*, 45 How. 278; *Dexter* v. *Adams*, 2 Denio, 646; *Leslie* v. *Wiley*, 47 N. Y. 650–652; *Rhodes* v. *Armis*, 28 Alb. L. J. 568; *Scoley* v. *Worcester*, 4 Hun, 302; *Sherman* v. *Smith*, 42 How. 199; *Craus* v. *Hunter*, 28 N. Y. 393 · *Elwell* v. *Chamberlain*, 31 id. 619; *Vernol* v. *Vernol*, 63 id. 47; *Chester* v. *Dickerson*, 52 Barb. 360, 361; *Fishkill Svgs. Inst.* v. *Nat. Bk.*, 80 N. Y. 166, 167; *N. Y. & H. R. R. Co.* v. *Schuyler*, 34 id. 30; *Holden* v. *N. Y. & E. Bank*, 72 id. 286; *Lock* v. *Stearns*, 1 Me. 560; *White* v. *Sawyer*, 16 Gray, 586; *Howe* v. *Newman*, 12 Allen, 39; *P. & R. R. Co.* v. *Derby*, 14 How. 468, 486; *Pratt* v. *Barker*, 45 Me. 569; *Stickney* v. *Morrow*, 44 id. 105; *Goddard* v. *G. T. R.*, 57 id. 202; *Holbrook* v. *Conner*, 60 id. 578.) An exception to language used in a charge to be available must embrace the substance of the charge in the same words or others equivalent thereto, so that the proposition stated by the court must be so distinctly and explicitly presented that there can be no doubt as to what was actually intended by the exception or as to its real character. (*McGinley* v. *U. S. L. Ins.*

*Co.*, 77 N. Y. 497; *Schile* v. *Brokhahus*, 80 id. 620; *Smedes* v. *B. & R. R. R. Co.*, id. 23; *Wheeler* v. *Billings*, 88 id. 263; *Newell* v. *Doty*, 33 id. 83; *Ayrault* v. *Pacific B'k*, 47 id. 570.)

FINCH, J.  This action was brought to recover damages for a fraud committed in the sale of lands.  The defendants were husband and wife; the former making the fraudulent representations, and the latter having the title to the land conveyed and receiving the bulk of the purchase-price.  The property sold is described in the case as "the Allegany county land," and the fraud consisted in a misrepresentation of its situation and boundaries, and especially in a direct assertion that a specific twenty acres pointed out was included in the property, and, also, forty acres not examined but described, which the defendants knew belonged to some one else.  The price paid by the vendee was $2,400, and consisted of a mortgage for $500 on land in Erie county, which was assigned to the defendant Elias Beach; a conveyance of a house and lot on Folsom street in Buffalo, subject to a mortgage of $900, which the grantee assumed, priced in the exchange at $1,400; and a mortgage on the Allegany land sold for $500; making in all, $2,400, of which the defendant Susannah Beach received $1,900.  The contract of sale was made by the husband in his own name, without the knowledge of his wife, and all the fraudulent representations came from him and were unknown to her until after the conveyance.  Upon these facts was founded a motion for a nonsuit in behalf of Susannah Beach, which was denied, and the exception thereupon taken presents the principal question in the case.

The argument on the appeal denies that the husband assumed to act as the agent of the wife, and avers that he was the sole principal in the contract, the wife conveying at his request and in performance of his contract, and not in performance of her own, made through his agency; in other words, that Susannah sold to her husband upon terms between themselves, and conveyed to the purchaser at her husband's request and in perform-

ance of those terms. The question would not be free from doubt were it not for the state of the pleadings. The cheat and conspiracy alleged in the complaint were described therein as planned to induce plaintiff " to purchase of the defendant Susannah Beach" the Allegany property. It was alleged that he " negotiated with said defendants and purchased certain land of said Susannah ; " and that the defendants represented that " the lands so owned by the said Susannah " were of the value of $2,400. All through the complaint the allegations make the wife a contracting party, as a recognized and named principal, and assert that plaintiff bought of her and that she sold to him. The answer then expressly admits " the purchase by the plaintiff from the said Susannah Beach." It alleges, " that these defendants were each ignorant of the exact boundaries of said lands and *so informed* said plaintiff; and that they " only pointed out and exhibited to plaintiff lands owned by said Susannah Beach, and which were the same lands so conveyed to said plaintiff by said Susannah Beach." The answer then proceeds to allege, " that, as an inducement to said exchange, said plaintiff represented and agreed to and with these defendants, that the bond and mortgage on the property in the town of West Seneca was a first lien on said premises." These averments of the answer show very clearly that the husband, in his negotiations with plaintiff, assumed to act for his wife, and as her agent; that the plaintiff purchased of said Susannah and not merely of her husband ; and that she so ratified his agency as to make the plaintiff's agreement with and representations to her husband a contract with her as well as with him, and which she pleads in her answer as entered into with both.

That could only be true, upon the theory which the marriage relation, and the receipt and retention by Susannah of the larger portion of the proceeds of the sale strongly confirm, that the husband assumed to negotiate as her agent, and made in her behalf the contract which she performed by her conveyance. The case, therefore, is brought within the rule which makes her receipt and retention of the fruits and product of the fraud involve a liability on account of it, although herself

innocent of personal participation in the wrong. (*Bennett* v. *Judson*, 21 N. Y. 238; *Baker* v. *Union Mut. Life Ins. Co.*, 43 id. 288; *Wakeman* v. *Dalley*, 51 id. 34; *Garner* v. *Mangam*, 93 id. 643.) The answer sets up no separate defense for the wife; it makes no denial for her which is not at the same time a denial for her husband; it pleads no right of his except also as a right of hers; and so gives force to the inference of an agency subsequently ratified by the receipt and retention of the purchase-price. Whatever of possible doubt might have arisen upon the question of agency is solved by the admitted community of interest and of action disclosed by the answer.

Another question sought to be raised in the case is the propriety of the rule of damages adopted by the trial court. The learned judge charged that the damages recoverable would be the difference between the value of the land conveyed and the value of that which would have passed had the representations been true. To this charge, whether right or wrong, there was no valid or effectual exception. None was taken except generally to the whole charge, which covers three printed pages of the case and deals with numerous questions; the precise language of the exception being, " to the charge and the whole thereof." Such an exception was ineffectual for any purpose, and leaves the rule of damages adopted by the court unchallenged and therefore conceded. The subject, however, was approached by certain objections to evidence, some of which also fell short of presenting the question sought to be argued. Thus, when the plaintiff offered to show the value of the twenty acres represented to be included in the ownership of Susannah and in the intended sale, but in fact neither so owned or conveyed, the defendants objected " upon the ground that the same did not afford the true measure of plaintiff's damages." The court admitted the evidence and the defendants excepted. The objection was fruitless, because it furnished no sufficient reason for rejecting the proof. It must be granted that the value of the twenty acres was not the true measure of damages, but the plaintiff did not offer it as such, nor did the court so rule. The evidence was clearly admissible as bearing on the

question of damages; as furnishing an element needed in their computation; and outside of that question was also admissible to show intent to defraud on the one side, and an injury suffered on the other. The ruling, therefore, was right, and the exception did not reach the measure of damages. But again : the defendants offered to show the actual value of the Folsom street property, which defendants took in the trade at a valuation of $1,400. The court excluded the evidence and there was an exception. This more nearly approaches the inquiry, and perhaps is sufficient to raise the question.

The contention of the appellants is that the defrauded vendee had but one remedy, and that consisted of a rescission of the contract, and a recovery back of the consideration paid after an offer to reconvey and a tender of what had been received. Doubtless this remedy existed, but the vendee was not compelled to adopt it. He had a right, instead of rescinding the contract, to stand upon it, and require of the vendor its complete performance, or such damages as would be the equivalent of that complete performance. The vendee, acting honestly on his own part, was entitled to the full fruit of his bargain, and could not be deprived of it without his consent by the fraud of the vendor. That such an action, proceeding upon an affirmance of the contract as actually made, founded upon actual fraud, and asking damages in the room of an impossible specific performance, can be maintained at law, has been sufficiently adjudged. · ( *Wardell* v. *Fosdick*, 13 Johns. 325 ; *Culver* v. *Avery*, 7 Wend. 386 ; *Whitney* v. *Allaire*, 1 Comst. 305 ; *Clark* v. *Baird*, 9 N. Y. 197 ; *Graves* v. *Spier*, 58 Barb. 385.) And that is so whether the representations relate to the title, or to matters collateral to the land. The measure of damages in such a case is full indemnity to the injured party ; the entire amount of his loss occasioned by the fraud. (*Dimmick* v. *Lockwood*, 10 Wend. 155 ; *Wardell* v. *Fosdick* and *Whitney* v. *Allaire, supra.*) The first of these cases plainly points out the difference between actions for a breach of covenant and those founded upon fraud. In the former the damages are always bounded by the consideration and interest, which often

fall short of full indemnity ; a rule said to be founded "upon considerations of public policy, without reference to the actual damage ssustained by the party" ( *Whitney* v. *Allaire, supra*) ; but where fraud is established, full and complete indemnity is awarded.    That full indemnity may go beyond the consideration paid.    The purchaser of land, as of other property, has a right to make a good bargain if he can, provided only that he deals honestly.    Often the profit secured above the price paid is the sole motive for the purchase, and where there is an exchange of lands to some extent, one dealing fairly may sell his own at a high price and secure another's at a low one.    To the entire benefit of his bargain he is entitled.    If there had been no fraud he would have had it ; he should not lose it because the other party has been dishonest.    The measure of damages, therefore, should be that adopted by the court below; the difference in value between the property conveyed and that which would have been conveyed had the property been as represented, and the actual contract honestly fulfilled.    In *Whitney* v. *Allaire* (*supra*), GARDINER, J., said: " The measure of damages in an action upon a warranty, and for fraud in the sale of personal property, are the same.    In either case they are determined by the difference in value between the article sold and what it should be according to the warranty or representation.    The same rule obtains, I apprehend, upon the sale of real estate where the action is for deceit." Two members of the court dissented upon the question of the correct measure of damages, and yet the rule was afterward applied in *Clark* v. *Baird* (*supra*), without objection by counsel or court, (p. 186), and the whole discussion limited to the competency of opinion upon the question of value.    The court added, however, that the material inquiry was " as to the fraud and damages, and not as to the particular species of property as to which it has been perpetrated."    Indeed, it is difficult to discover why in an action to recover damages for a fraud, it should make any difference that the property as to which the fraud was committed was real or personal, and why in the latter case profits as the legitimate fruit of the bargain may form an ele-

ment in the computation of damages and not in the former. the defendants, therefore, were not at liberty to reduce the damages by changing the terms of the bargain, and allowing to the plaintiff for the Folsom street property less than they had agreed to give for it, simply because they and not the plaintiff had perpetrated a fraud.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.