ALBERT BRISBANE, Respondent, *against* WILLIAM L. POMEROY *et al.*, Appellants.

(Decided December 28th, 1885).

Upon a sale and conveyance of land by a deed containing covenants of warranty and against incumbrances, the wife of the vendor, who was living at the time, did not join in the deed; and he fraudulently represented that a person who joined with him in the deed was his wife. The purchasers expended large sums of money in improving the land and preparing it for sale, but afterwards ascertained that it was subject to the inchoate right of dower of the vendor's wife, by reason of which they were unable to sell the land. *Held*, that the measure of the damages which the purchasers were entitled to recover from the vendor for the fraud, was not merely the value of the outstanding inchoate right of dower, but was the difference between the value of the land under the disability of the purchasers to convey to others, and what it would have been worth had there not existed an inchoate right of dower.

APPEAL from a judgment of this court entered upon the verdict of a jury rendered by direction of the court.

The complaint alleged that on October 15th, 1873, defendants delivered to plaintiff their certain bond, conditioned for the payment of $19,000; that $12,000 remained unpaid; and demanded judgment therefor. Defendants admitted the making and delivery of the bond, and that $12,000 was unpaid, and pleaded by way of counterclaim and in defense: first, that the bond was given to secure part of the purchase price of land situated in New Jersey, conveyed by plaintiff to defendants by deed dated October 15th, 1873; that the deed contained a covenant of warranty and against incumbrances; and defendants further alleged that plaintiff's wife did not join in the deed, and that there was a breach of the covenant against incumbrances by reason of such alleged outstanding inchoate dower right, and claimed $20,000 damages; second, that plaintiff fraudulently represented that the person who joined in the deed was his (plaintiff's) wife, and claimed to have been dam-

Brisbane v. Pomeroy.

aged thereby, through having lost sales by reason of the outstanding inchoate dower right; and third, as a partial defense, that on December 6th, 1875, plaintiff covenanted, in writing, with the defendants, that $7,916.66 should not become due or payable until the land was released from a certain claim for inchoate dower made against the same, or until it was otherwise determined to the reasonable satisfaction of these defendants that no such right of dower existed. Plaintiff in his reply admitted the outstanding inchoate right at the time of sale, and alleged its extinguishment by death, and denied any fraud.

On the trial plaintiff withdrew his claim to the $7,916.66 on the ground that as to that the action was prematurely brought, and moved for judgment as to the balance on the pleadings, which was granted. For the purpose of the motion the allegations of the defense were admitted, and the death of Adele Le Brun (plaintiff's wife) was proven. It was agreed that Adele's inchoate dower right at time of sale was worth $1,000, and that appears to have been the limit of damages allowed for the breach of the covenant against incumbrances. The appellants asked to give proof and go to the jury upon a larger rule of damages, namely, the difference between the value of the premises as they were under the disability of the defendants to convey to others, and as they would have been worth had there not existed an inchoate right of dower. The counsel for the respondent objected. The court sustained the objection, and the appellants duly excepted. The court directed the jury to find a verdict for plaintiff, and judgment for plaintiff was entered thereupon. From the judgment defendants appealed.

*William H. Hamilton* and *Leslie W. Russell*, for appellants.—The ruling as to the first counterclaim was erroneous. A covenant against incumbrances is broken, if at all, the instant the deed is given (*McCarty* v. *Leggett*, 3 Hill 134; *Hall* v. *Dean*, 13 Johns. 105; *Garrison* v. *Sandford*, 12 N. J. L. 261; *Harrington* v. *Murphy*, 109 Mass.

299; *Roberts* v. *Levy*, 3 Abb. Pr. N. S. 311; *Braman* v. *Bingham*, 26 N. Y. 483, 495; *Barlow* v. *Bank*, 63 N. Y. 399, 402). An outstanding inchoate right of dower is an incumbrance, within the covenant (*Jones* v. *Gardiner*, 10 Johns. 266; *Porter* v. *Noyes*, 2 Greenl. [Me.] 26; *Sheaver* v. *Runger*, 22 Pick. 447; *Carter* v. *Denman*, 3 Zabr. [N. J.] 273). Therefore the ruling of the court that the first counterclaim set up no defense, without alleging eviction, was error. This court will not say it was harmless. Where the defendant has a verdict, a new trial will be granted if it appear that the plaintiff was entitled to even nominal damages, unless the claim is clearly and unquestionably trivial (*McCarty* v. *Leggett*, 3 Hill 134). But defendants were entitled to a substantial recovery for the damages. The incumbrance was permanent, and not of a kind that could be paid off and removed by the vendee, so as to clear his title. When the vendor assumes to convey land to which he has no title (as here he had not the shadow of an ownership over his wife's interest) the purchaser is not limited to nominal damages, but may recover for the loss sustained (*Hopkins* v. *Grazebrook*, 6 Barn. & Cr. 31). The diminished value of the estate is a competent damage where the premises were bought for re-sale, and this fact was known to the grantor (*Bacheller* v. *Sturgis*, 3 Cush. 201). The expenditures and cost to which the purchasers had been subjected were a competent damage (*Andrews* v. *Davidson*, 17 N. H. 413; *Waldo* v. *Long*, 7 Johns. 173; *Hopkins* v. *Grazebrook*, *supra*; *Hopkins* v. *Lee*, 6 Wheat. 109, 118). The death of Adele before suit brought is not a bar to the counterclaim (*McCarty* v. *Leggett*, 3 Hill 134; *Smith* v. *Jefts*, 44 N. H. 482).

The ruling on the second counterclaim was also erroneous. Whatever rule of damages may obtain in cases of an innocent breach of a covenant against incumbrances by the vendor, the rule is well settled that in cases of fraud the purchaser is entitled to full and complete indemnity for his losses, and for the losses of profitable bargains and sales (*Hammond* v. *Hamin*, 21 Mich. 374; *Sweene* v. *Steele*, 5

Iowa, 352; *Plummer* v. *Rigdon*, 78 Ill. 222; *Drake* v. *Baker*, 34 N. J. L. 358; *Warren* v. *Wheeler*, 21 Me. 484; *Pumpelly* v. *Phelps*, 40 N. Y. 59, 60; *Haight* v. *Hayt*, 19 N. Y. 464; *Krumm* v. *Beach*, 96 N. Y. 398, 407; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Baldwin* v. *Munn*, 2 Wend. 399; *Dimmick* v. *Lockwood*, 10 Wend. 142).

*Francis H. Van Vechten*, for respondent.—In an action to recover damages for breach of covenant against incumbrance, the measure of damages is the amount paid to extinguish the incumbrance, and if the incumbrance has not been discharged the damages are only nominal (*Delavergne* v. *Morris*, 7 Johns. 358; *Prescott* v. *Trueman*, 3 Amer. Dec. 248; Rawle on Covenants, 134; *Grant* v. *Tallman*, 20 N. Y. 191, 195; *Braman* v. *Bingham*, 26 N. Y. 483, 494–5; 3 Washburn on Real Property, 392 note 1). Defendants allege that it was agreed by plaintiff that they should retain $7,916 to protect them against the inchoate dower right of a person claiming to be plaintiff's wife. The death of plaintiff's wife was established on the trial, and that they have that money. Defendants could not therefore recover even nominal damages. The retention out of the purchase money sufficient to pay the incumbrance, satisfies the incumbrance so long as the retention continues (*Redding* v. *Gray*, 5 Jones & S., 79, 88). Defendants have not been disturbed in their possession of the premises. It is well settled that where the incumbrance has not been paid off by the purchaser, and he has remained in quiet and peaceable possession of the premises, he cannot have relief against his contract to pay the purchase money or any part of it on the ground of defect of title (*Grant* v. *Tallman*, 20 N. Y. 191, 195).

In an action to recover damages for fraud in the sale of land, the measure of damages is the difference between the value of the land as represented and as it was at the time of sale, and in the case at bar that was the value of the inchoate dower right (*Pumpelly* v. *Phelps*, 40 N. Y. 60, 66; *Haight* v. *Hayt*, 19 N. Y. 464, 471, 476; *Northrop* v. *Hill*, 57 N. Y. 351, 357; *Van Epps* v. *Harrison*, 5 Hill 63; *Sanford* v.

*Handy*, 23 Wend. 260; *Krumm* v. *Beach*, 96 N. Y. 398, 407; *Whitney* v. *Allaire*, 1 N. Y. 305). Depreciation in the value of the land is not an element of damage (*Marvin* v. *Prentice*, 94 N. Y. 295).

LARREMORE, J.—[After stating the facts as above.]—The case as presented upon appeal rests mainly upon the amount of damages to which the respondent was entitled upon the facts as conceded. If no question of fraud had been involved the measure of damages was correctly stated by the learned judge, and in accordance with the rule laid down in *Grant* v. *Tallman* (20 N. Y. 191) and *Braman* v. *Bingham* (26 N. Y. 483). But *Schiffer* v. *Dietz* (83 N. Y. 300), holds that the mere concealment of the wife's existence was sufficient to establish fraud, although the vendor believed his marriage invalid.

Upon the discovery of the alleged fraud the appellants had two remedies: first, to ask for a rescission of the contract upon an offer to reconvey the property and be reinstated in their original position; second, to affirm the contract and claim the damages for a breach thereof. They have pursued the latter course, and although their continued possession of the property may bar all claim for interest upon the amount of consideration, yet their right to damages in excess of that amount seems to be clearly recognized by judicial authority.

In *Krumm* v. *Beach* (96 N. Y. 398), the court uses the following language: "The measure of damages in such a case is full indemnity to the injured party; the entire amount of his loss occasioned by the fraud (citing cases). The first of these cases plainly points out the difference tween actions for a breach of covenant and those founded upon fraud. In the former the damages are always bounded by the consideration and interest, which often fall short of full indemnity; but where fraud is established, full and complete indemnity is awarded. That full indemnity may go beyond the consideration paid. The purchaser of land, as of other property, has a right to make a good bargain if he

can; he should not lose it because the other party has been dishonest."

The ruling of the learned trial judge was widespread in its effect, and excluded all evidence upon the question of larger damages. In cases of fraud the authorities appear to hold that such damages are allowable, but of what character and to what extent can only be determined when specific offers to prove the same are made. Then full discussion upon each question can be had.

After a review of the whole case and due consideration of the arguments of counsel, I am of opinion that the judgment appealed from should be reversed and a new trial ordered, with costs to abide the event of suit.

CHARLES P. DALY, Chief Justice.—As was said in *Krumm* v. *Beach* (96 N. Y. 398), cited by Judge LARREMORE, in an action to recover damages for fraud in the sale of land, the injured party is entitled to full indemnity, which embraces compensation for loss of such profits or benefits, as would have been the legitimate fruit of the bargain, had the property been as represented, and the measure of damages, therefore, in such actions, is the difference between the value of the property conveyed and what would have been the value, had the property been as represented. Mere depreciation in the value of land is not an item of damage in such actions, because that would assume that the party defrauded would have had an opportunity to sell the land, and would have sold it when it was at its highest value (*Marvin* v. *Prentice*, 94 N. Y. 295, 301).

But this is not what the defendants wanted to show. What they asked was, in my opinion, within the rule which must be regarded as laid down by the decision of the Court of Appeals in *Krumm* v. *Beach* (*supra*, pp. 405, 407), that the measure of damages in such an action, is the difference between the value of the land conveyed, and the value of that which would have passed, had the representation been true.

This substantially was what the defendants offered to

prove, and which the court would not allow them to do—that is, to prove " the difference between the value of the premises under the disability of the defendant to convey to others, and as they would have been worth had there not existed an inchoate right of dower."

The fraud set up in the counterclaim was that the plaintiff represented the woman who executed the deed with him to be his wife, which was not true ; his wife, who was then living, being another woman ; and the property, when conveyed to the defendants, was necessarily subject to his wife's right of dower.

The further allegation of the defendants was, that with the plaintiff's knowledge, the defendants, for the purpose of preparing the lands for sale, graded streets, and laid out the same in blocks and lots, expending a large sum of money in preparing the lots for market, and erected buildings thereon, at a cost of more than $30,000, and that after this was done, when the fact was ascertained about a year afterwards that the land was subject to the inchoate right of dower of the plaintiff's wife, the defendants lost the sale of the lands so improved, being unable to procure purchasers ; that the title of the lands, with all the improvements, fell under suspicion, and they became unmarketable ; and that the defendants were, in numerous instances, deprived of profitable sales, and other profitable bargains relating to the same, by reason of incumbrance of the wife's inchoate right of dower ; that they were consequently compelled to retain the same unsold and unproductive, and have been subjected thereby to expenses, and have lost the reasonable profits which they might have made by a speedy re-sale of them.

It further appeared, partly in the answer and partly in the evidence, that the defendants applied to the plaintiff to procure a release of the land from this right of dower, and that they had not been able to procure it during the lifetime of the wife, who died in Italy, on the 26th day of April, 1882.

Under the rule above stated, the judge, upon the trial, held that the difference in the value of the land as repre-

sented, and as it was at the time of the sale, was the value of the inchoate right of dower, which shut out all proof of any loss of profit or benefit which would have been the legitimate fruit of the defendant's bargain; a limitation altogether too narrow in actions where there has been fraud; the rule then being full indemnity (*Bendiek* v. *Seymour*, 39 Iowa 1; *Thompson* v. *Shiplar*, 72 Pa. St. 160; *Krumm* v. *Beach*, *supra*, p. 406, per FINCH, J.; *Culver* v. *Avery*, 7 Wend. 380, 386). The value of the inchoate right of dower, as measured by the probable duration of human life, is one thing; and the effect that such an incumbrance would have upon the land bought, in depriving the defendants of the legitimate fruits of their bargain, is another; and it does not therefore furnish the exact measure of the loss and injury they have sustained.

The reason why the measure of damages in actions to recover for a breach of covenant of title, etc., is confined to the recovery of the consideration paid and interest, is that the knowledge of the title to land rests as much in the knowledge of the purchaser as in that of the seller; that it depends upon writings that both can examine; and so, in respect to incumbrances, when they are matter of record; but if fraud can be shown, deceit or such concealment as would amount to fraud, then the purchaser recovers all his damages (*Dimmick* v. *Lockwood*, 10 Wend. 142, 155; *Staats* v. *Ten Eyck*, 3 Caines 111). In the language of Chief Justice TILGHMAN, in *Bender* v. *Fromberger* (4 Dall. 444), he will then be answerable for all losses that may ensue.

I, therefore, agree that the measure of damages was not the value of the inchoate right of dower, a release of which the defendants were unable to obtain; but they had, in consequence of the fraud practised upon them, the right to show the actual damages they had sustained, under the rule laid down by the Court of Appeals in the recent case cited, and which is not a new one, having previously been recognized in this state in (*Pumpelly* v. *Phelps*, 40 N. Y. 59, 67; *Haight* v. *Hayt*, 19 N. Y. 464, 471; *Whitney* v. *Allaire*, 1 N. Y. 304, 312; *Clark* v. *Baird*, 9 N. Y. 183; *Dimmick* v.

*Lockwood,* 10 Wend. 142, 155; *Baldwin* v. *Munn,* 2 Wend. 399, 406).

J. F. DALY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.