Bradley, J.
The defendant being a married woman was not charged with liability by the mere act of signing the note in question. The burden was with the plaintiff to establish by evidence the requisite state of facts to charge her.
This he endeavored to do by showing that she was the owner of a farm which she, with the assistance of her husband, was operating; that he transacted for her from time to time some business; that there were two mortgages executed by her upon her farm; and that at the time the loan was made, and the note made by the husband, he represented to the plaintiff that the defendant wanted to borrow the money to make payment upon such mortgages. And he gave evidence tending to prove that the money was obtained and used for such purpose; but was fully contradicted by the evidence on the part of the defense, which was to the effect that the defendant gave her husband no authority to borrow this money on her account, and that in fact no part of it was used for her benefit, that she had no knowledge until she signed the note, two months after its date and execution by her husband, that the loan and note had been made by him; that he let her have no part of-the money. In these respects, the evidence presented questions of fact which must be deemed disposed of by the referee, and upon which his findings are fairly supported by the evidence.
The signing by her of -the note was not in legal effect the adoption of the representations, of which she had no knowledge, made by Mr. Gillett at the time he made the *372 loan. Nor was there sufficient in the course of dealing and transactions between them, and by the husband for her preceding this one, to require the conclusion that he was then acting for her, or to permit the plaintiff effectually to treat the loan as made for her, or by her direction or authority.
While there was no want of power to charge herself for loans made by her, and upon dealings which she might have with others as effectually as if she had been a feme sole, and she might have done it through the agency of another, the act must appear to have been hers, or by her authority, to be effectual to charge her credit with the consequences.
And without reference to the authority with which the husband did the act of making the loan, if the defendant had been advised by the plaintiff when he presented the note to her for execution, that it had been represented to him, when it was made, that the loan was by her direction, and for her, she may have been charged by an acquiescent execution of the note; but such fact is not established or found. And if the money was in fact treated as hers, and used for the benefit of her estate as such, her liability upon the note would be supported. Krumm v. Beach, 25 Hun, 293; affirmed, 96 N. Y., 398.
The referee has found that the defendant received no benefit from this loan. It seems that there was a mortgage of $2,000, made by her and her husband, upon her land in 1880; that $700 of the amount was a loan for his benefit, and the residue, $1,300, for hers ; and that as between them he undertook to pay the $700 so secured, with interest. On the 9th of April, 1883, $470 was paid on this mortgage, and $120 of it endorsed as one year’s interest due about that time. The evidence on the part of the defense is that the defendant furnished $428 and her husband $42 of the amount so paid, that the money she so furnished embraced no part of that loaned of the plaintiff. In the view taken by the referee, the force of the evidence and the inference claimed for it on the part of the plaintiff, that the money loaned of him went into the sum so paid, was overcome by evidence of the defense, and this view seems well supported by it. It is also contended that the minor sum of $42 so furnished by the husband should be treated as a product of the loan, and the use made of it as for her benefit, because it went to reduce the amount then due of the mortgage on her property. But assuming that $700 of the amount so secured was his debt, and to that extent the mortgage was made for his accommodation, it is difficult to see how it can be treated as a payment made for her benefit in such sense as to charge her with liability. *373 It is true the mortgage was a charge on her property to the full amount secured by it, and she would be chargeable to another for money advanced at her request to make payment of any part, or the whole of it, but it was not simply for that reason within the power of the husband to charge her with liability for money borrowed by him to pay the amount of his debt so secured, although he made it for the represented purpose of relieving her premises from the encumbrance and actually applied it upon the mortgage in discharge of the portion he had so undertaken to pay.
The question of liability is not subservient to appearances of that character under such circumstances. In that view the defendant was not the recipient of the fruits of the loan to the extent of the forty-two dollars, even if it be assumed that it was paid by Mr. G-illett from the moneys so borrowed by him of the plaintiff. That sum was equal to the amount of one year’s interest on the $700.
While the evidence on the part of the plaintiff permitted the conclusion of a state of facts in support of a recovery by him, that on the part of both parties as a whole, presented a question of fact arising out of the conflict of the evidence for the consideration and determination of the referee. And his conclusion is not so against the weight of the evidence as to justify the direction of a new trial on this review.
We have carefully examined all the exceptions taken to the exclusion and admission of evidence, and to the refusals to find as requested, and to the findings as made, and think that no error was committed to the prejudice of the plaintiff.
The judgment should be affirmed.
Haight and Childs, JJ., concur.