GEORGE H. CROSS, RESPONDENT, *v.* JOHN H. DEVINE, APPELLANT.

*Fraudulent representations as to incumbrances on real estate — the measure of damages is the amount of the incumbrances and interest.*

Upon the trial of this action, brought by the plaintiff to recover damages for false and fraudulent representations made by the defendant on a sale of real estate to him, it appeared that the defendant represented that the property was free and clear from all incumbrances, while it was in fact incumbered by a mortgage.

*Held*, that the measure of damages was the amount of the mortgage and interest.

That the only exception to this would be the case where the mortgage exceeded the actual value of the land.

APPEAL from a judgment of the County Court of Sullivan county, entered upon the verdict of a jury, and from an order denying a motion made for a new trial on the minutes of the county judge.

This is an action to recover damages for false and fraudulent representations in the sale of real estate.    On the 2d day of April, 1878, plaintiff purchased of defendant certain real estate, situated in the town of Fallsburgh, Sullivan county, N. Y., and described in the complaint.

The defendant, at the time the said purchase was made, represented the said property to be free and clear from all incumbrances. The plaintiff, relying on the said representations, purchased it for $800.    At the time the said representations were made, there was a mortgage on said property for the sum of $250, which mortgage was a valid lien and incumbrance thereon.    The defendant knew that this mortgage was in force and paid interest thereon until 1882.

*T. A. Read*, for the appellant.

*Devine W. W. Smith*, for the respondent.

LEARNED, P. J.:

It seems to be settled that an action for damages, occasioned by a false representation, made by the vendor of land, may be maintained, whether the representation be as to the title or as to matters collateral. So it is said in *Krumm* v. *Beach* (96 N. Y., 398, at 406).

In that same case it is said that the measure of damages is full indemnity to the injured party, and that is said to be determined by the difference in the value of the thing sold and what it should be according to the representation, going beyond, it might be, the amount of the consideration and interest. (Page 407.) Property covered by a mortgage is worth less than it would be if free, by the amount of the mortgage and interest. The only exception to this would be the case where the mortgage exceeded the actual value of the land. But certainly, without proof that the land was worth less than the mortgage, the existence of the mortgage lessens the value of the land by the amount of the mortgage, and the damage, therefore, is at once suffered by the purchaser, who pays for the property what it would have been worth if it were as represented.

In the case of *Northrop* v. *Hill* (57 N. Y., 351), representations were made not by the vendor, but by another person. Nor do I think that the court held that only nominal damages could be recovered, for at page 357 it is said to be a case of substantial damages. The only question involved was whether the action was barred by the statute of limitations.

This is not a case of mere liability to loss. It is a case of actual loss. The thing sold is actually not as good as the vendor represented it to be. Just as in the case last cited, the land was less in quantity than it had been represented by the vendor. It seems to me that the principles laid down in that case show that the plaintiff has made a *prima facie* case, showing that his damages equaled the amount of the mortgage and interest. Even though he has not paid the mortgage, his property is worth just so much less than it would have been if free, that is if it is worth the amount of the mortgage. There was no error in the refusal to admit evidence of defendant's business and condition, And the charge was correct as to defendant's liability on the covenants.

Judgment affirmed, with costs.

WILLIAMS, J., concurred.

Judgment affirmed, with costs.