(85 Misc. Rep. 435)

MEYERSOHN v. GERSHEL et al.

(Supreme Court, Appellate Term, First Department. May 21, 1914.)

1. FRAUD (§ 41*)—PLEADING—ALLEGATION OF FRAUD.

A complaint, alleging that defendant induced plaintiff to enter into a contract of employment by falsely stating that plaintiff's employer was going out of business, which statement was known to defendant to be false, and was made with the intent of deceiving plaintiff; that plaintiff relied thereon and was thereby induced to enter into a contract of employment with defendant and to make a deposit to secure it—stated a cause of action to recover the deposit.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 36, 37; Dec. Dig. § 41.*]

2. FRAUD (§ 34*)—ACTION FOR DAMAGES—CONDITIONS PRECEDENT—RESCISSION.

One induced by fraud to enter into a contract whereby he has suffered damage is not required to rescind the contract, but, without rescission, may recover damages suffered by reason thereof.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 29; Dec. Dig. § 34.*]

3. FRAUD (§ 47*)—ACTION FOR DAMAGES—PLEADING.

A complaint, in an action to recover a deposit upon a contract employing plaintiff as a salesman, alleging that he was induced to part with $500

by reason of defendant's false representation that his former employer was going out of business, sufficiently alleged his damage; the reasonable intendment being that he was damaged to the amount of such deposit.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. § 47.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Meyersohn against Abraham Gershel and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued May Term, 1914, before GUY, BIJUR, and PENDLE-TON, JJ.

Krakower & Peters, of New York City (Charles C. Peters, of New York City, of counsel), for appellant.

House, Grossman & Vorhaus, of New York City (Edward Kaufmann, of New York City, of counsel), for respondents.

GUY, J. The plaintiff appeals from a judgment dismissing the complaint on the pleadings. The action is in fraud, and was brought to recover moneys deposited by plaintiff with defendants as security upon entering into an agreement with defendants, whereby defendants employed him as salesman.

[1] The complaint alleges that defendants induced plaintiff to enter into said contract of employment by falsely stating to plaintiff that the person by whom plaintiff was at that time employed had stated to defendants that he was going out of business on the 1st of January following; that said statement was known by defendants to be false; was made by defendants to plaintiff with the intent of deceiving plaintiff; that plaintiff relied upon said statement, and was thereby induced to enter into said contract of employment with defendants and to make said deposit of money.

[2] It is contended by the defendants respondents that plaintiff's complaint is defective, inasmuch as it does not allege that, upon discovering the falsity of the representations alleged to have been made by defendants to plaintiff, plaintiff rescinded the contract. This contention is not sound. A person who has been induced by fraud to enter into a contract whereby he has suffered damage, is not required to rescind the contract, but may, without rescission, recover the damage he has suffered by reason thereof. Krumm v. Beach et al., 96 N. Y. 398; 9 Cyc. 432; Gould v. Cayuga Bank, 86 N. Y. 84; Id. 99 N. Y. 333, 2 N. E. 16.

[3] It is also urged by the respondents that there is no allegation of damage in the complaint, and that in the absence of such allegation, plaintiff cannot maintain his cause of action. While there is no specific allegation of damage other than the allegation that plaintiff was induced to and did part with $500 in money by reason of the false representations made by defendants to him, I think the reasonable intendment to be drawn from the complaint is that plaintiff was damaged to the extent of the amount of money which he was, by the false representations of defendants, induced to part with and pay over to them.

The complaint states a good cause of action in fraud, and the learned trial court erred in dismissing the complaint.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.