(164 App. Div. 311)

### McDOWELL v. VOLK et al.    (No. 491/12.)

(Supreme Court, Appellate Division, Fourth Department.  November 11, 1914.)

1. FRAUD (§ 20*)—ELEMENTS—RELIANCE ON REPRESENTATIONS.

Where defendant's transfer and assignment of a bond and mortgage were not completed until after the inventory covered by assignee's bill of sale to her was made, her false statements of material facts before the transaction was completed, with intent to defraud the assignee, relied upon by him in taking the assignment, would constitute actionable fraud.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 17, 18; Dec. Dig. § 20.*]

2. PRINCIPAL AND AGENT (§ 156*)—TORTS OF AGENT—FRAUDULENT REPRESENTATIONS.

In such case, where defendant's husband was acting for her, but she had the proceeds of the transaction, made the assignment, and took the assignee's bill of sale, she would be liable for fraudulent misrepresentations by her husband.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 583–587; Dec. Dig. § 156.*]

3. FRAUD (§ 59*)—MEASURE OF DAMAGES.

In an action for damages for fraudulent and material misrepresentations made by defendant as to the incumbrances on mortgaged property assigned to plaintiff, where it did not appear that the premises were not adequate security for the mortgage debt, or that the obligor in the accompanying bond was financially irresponsible, plaintiff was only entitled to recover the difference between the premises as represented to be and as they actually were, so that their value and the financial responsibility of the mortgagor and the obligor were material.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

Appeals from Trial Term, Steuben County.

Action by Delbert L. McDowell against Elizabeth C. Volk and Casper Volk. From a judgment for defendant Elizabeth C. Volk, and from an order denying a new trial, plaintiff appeals; and from a judgment against him, and from an order denying his motion for a new trial, defendant Casper Volk appeals. Judgments and orders reversed, and new trial granted.

The action was for fraud, in misrepresenting, upon a sale of a mortgage, the true condition of the mortgaged premises respecting incumbrances.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

F. J. Nelson, of Hornell, for plaintiff.
Harry L. Allen, of Hornell, for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KRUSE, P. J.  [1] The judgment entered upon the directed verdict in favor of the defendant Elizabeth Volk should be reversed, for the reason that the evidence supports a finding that the sale to her, and the transfer and assignment of the bond and mortgage by her, were not consummated until after the inventory covered by the bill of sale was made.  If false statements of material facts were made by her, as the evidence tends to show, before the transaction was completed, with the intent to cheat and defraud the plaintiff, and relied upon by him in making the sale and taking the assignment of the bond and mortgage, such statements constitute actionable fraud.  The evidence was sufficient to require the submission of these questions to the jury, and it was error to hold as a matter of law that the statements were made after the sale had been consummated, and to direct a verdict upon that theory in her favor.

[2] Furthermore, the evidence also tends to show that the husband, her codefendant, was acting for her, and that she had the avails of the transaction.  She made the assignment of the bond and mortgage, and the bill of sale by the plaintiff was made to her, and under the facts here disclosed I think she may be made liable for misrepresentations made by her husband.  Krumm v. Beach, 96 N. Y. 398; Downey v. Finucane, 146 App. Div. 209, 130 N. Y. Supp. 988; Id., 205 N. Y 251, 259, 98 N. E. 391, 40 L. R. A. (N. S.) 307; Green v. Des Garets, 210 N. Y. 79, 103 N. E. 964; Kingman v. Dunspaugh, 19 App. Div. 545, 550, 46 N. Y. Supp. 602.

[3] 2. The judgment against the defendant Casper Volk, entered upon the verdict found against him, should also be reversed upon questions relating to the damages.  While the evidence showed that the mortgaged premises were incumbered beyond what was stated to the plaintiff by the defendants, it does not appear that the premises were not an adequate security for the mortgage debt, or that the obligor named in the bond accompanying the mortgage was financially irresponsible.  The mere fact that the plaintiff bid in the premises upon a sale under a judgment not disclosed to him, which was a prior lien to the assigned mortgage, does not entitle plaintiff to recover from the defendants the amount so bid and paid, which seems to form the principal basis for the damages awarded by the verdict.  The usual rule of damages in such a case is the difference between the value of the article sold as it was represented to be and as it actually was.  Hubbell v. Meigs et al., 50 N. Y. 480; Krumm v. Beach, 96 N. Y. 398, 406, 407; Spotten v. De Freest, 140 App. Div. 792, 125 N. Y. Supp. 497. In determining that question, the financial responsibility of the obligor and mortgagor and the value of the premises are necessarily important facts.

Both judgments should therefore be reversed, and a new trial ordered, with costs to each of the successful appellants to abide the event. All concur.