J. C. TURNER LUMBER COMPANY and BURTON SWARTZ CYPRESS COMPANY, Appellants, *v.* JAMES D. LACEY and Others, Copartners Doing Business under the Firm Name and Style of JAMES D. LACEY & Co., Respondents.

First Department, January 13, 1922.

**Vendor and purchaser — fraud and deceit — three remedies open to one induced to purchase by fraud — election of remedies — party defrauded must elect one remedy and pursue that only.**

One who has been induced by fraudulent representations to purchase property has, upon the discovery of the fraud, three remedies, any one of which he may elect: (1) He may rescind the contract and sue in an

action at law to recover what he parted with, restoring or offering to restore to the other party whatever he may have received. (2) He may bring an action in equity to rescind the contract, and in that action have full relief. In such case, it is sufficient for him to offer in his complaint to return what he has received and make a tender of it upon the trial. (3) He may retain what he has received and bring an action at law to recover the damages sustained. The person defrauded must elect among these remedies. They are inconsistent and only one can be pursued at a time.

Accordingly, where the plaintiffs, claiming to have been fraudulently induced to purchase timberland in the State of Florida, brought an action in that State against the company from which they purchased for a "formal" rescission of the purchase contract and a restoration of the *status quo ante*, and, while said action was still pending, brought another action in the State of New York against the agents of said company for damages resulting from the alleged fraud, the complaint in the second action was properly dismissed as the plaintiffs had made their election of remedies.

APPEAL by the plaintiffs, J. C. Turner Lumber Company and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 30th day of December, 1921, upon an order granting defendants' motion for judgment on the pleadings, and also from an order entered in said clerk's office on the 26th day of September, 1921, granting defendants' motion for judgment on the pleadings and directing judgment in favor of defendants dismissing the complaint, and also from an order entered in said clerk's office on the same day denying plaintiffs' motion to overrule the demurrer to plaintiffs' complaint and for judgment on the pleadings.

*Samuel Silbiger* of counsel, for the appellants.

*Root, Clark, Buckner & Howland* [*Emory R. Buckner* of counsel; *Hamilton Rogers* with him on the brief], for the respondents.

PAGE, J.:

The complaint with the annexed exhibits covers thirty-one printed pages of the papers on appeal. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The action

is to recover $1,396,000 besides the plaintiffs' expenses for costs and counsel fees in actions pending in the Federal court in the State of Florida, as damages for certain alleged false and fraudulent representations made by the defendants, whereby the plaintiffs were induced to purchase certain timber lands in the State of Florida.

The plaintiffs have alleged very fully all the facts relevant to the transaction and annexed the documentary evidence without any very clear idea of setting forth a cause of action, evidently in the hope that the court, if the facts disclose a wrong suffered, will apply a remedy.

The law applicable to the conditions set forth in the complaint has been stated in *Vail* v. *Reynolds* (118 N. Y. 297, 302), and frequently reiterated as follows: " A person who has been induced by fraudulent representations to become the purchaser of property, has upon discovery of the fraud three remedies open to him, either of which he may elect. He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. To maintain such action he must first restore, or offer to restore, to the other party whatever may have been received by him by virtue of the contract. [Citations.] He may bring an action in equity to rescind the contract, and in that action have full relief. [Citation.] Such an action is not founded upon a rescission, but is maintained *for* a rescission, and it is sufficient, therefore, for the plaintiff to offer in his complaint to return what he has received and make tender of it on the trial. Lastly, he may retain what he has received and bring an action at law to recover the damages sustained. This action proceeds upon an affirmance of the contract and the measure of the plaintiff's recovery is the difference between the article sold and what it should be according to the representations [ *Krumm* v. *Beach*, 96 N. Y. 398, 406.] " This is the settled law of the State except the last statement as to the measure of damages. The Court of Appeals has overruled *Krumm* v. *Beach* (*supra*) and all the cases which have followed it, and adopted the rule of damages laid down in *Smith* v. *Bolles* (132 U. S. 125), (*Reno* v. *Bull*, 226 N. Y. 546, 553), *i. e.*, that the damages to be recovered are the difference between the value of that with which he

parted and the actual value of that which he received. (See *Wood* v. *Dudley*, 188 App. Div. 136, 140–146.)

The person defrauded *must elect* between these remedies. They are inconsistent and all cannot be pursued at the same time, much less all united in one complaint.

In the case at bar the defendants were the agents of the Florida Cypress Company and were authorized to negotiate the sale of 94,000 acres of timber land owned by said company in the State of Florida. The defendant James D. Lacey was a director of the Florida Cypress Company, and negotiated the sale of said land with the plaintiffs, and to induce the purchase thereof represented that said land contained approximately 820,000,000 feet of cypress lumber, and in the course of the negotiations exhibited to the plaintiffs what he represented to be a copy of a minute " cruise " of said land made under the direction and supervision of the defendants, purporting to show in great detail the quantity of cypress lumber on each forty acres of said tract, and showing a total of 821,790,000 feet of such lumber on the entire tract. The defendant Lacey knew that the plaintiffs would not consider the purchasing of said land except for such cypress timber, and the said statements and representations were made for the purpose of inducing plaintiffs to purchase said land. It is alleged that said representations were false and known to said Lacey to be untrue at the time they were made. The plaintiffs, relying upon said representations and the purported copy of the cruise, were induced to agree to purchase the land for the sum of $1,500,000, without making an examination thereof. The plaintiffs entered into a contract (dated February 12, 1913) with the Florida Cypress Company for the purchase of said land for the sum of $1,500,000, paying $25,000 on the signing of the contract, and giving notes for installments of the purchase price extending over a period of six years from the date of the contract. A warranty deed was executed to trustees named in the contract, who were to hold title until all of the payments were made and then to convey to the plaintiffs. The plaintiffs entered into possession of said land and have paid $1,300,000 on account of the purchase price, and $86,000 in taxes on said land, and certain incidental disbursements amounting in the aggregate to $10,000.

The plaintiffs demand judgment against the defendants for $1,396,000 as their damages.

The complaint alleges that the plaintiffs, on or about March 3, 1921, demanded of the Florida Cypress Company a return of the $1,300,000 paid on the contract on account of the purchase price for the land with interest, and the sums paid by plaintiffs for taxes with interest; and at the same time offered to surrender and relinquish all right and claim in and to said land under and by virtue of said contract, which demand and offer were refused by the Florida Cypress Company. Thereafter plaintiffs commenced an action in the State of Florida against the Florida Cypress Company for a " formal " rescission of the contract and a recovery of the moneys paid out by plaintiffs under the terms of the contract and a restoration of the *status quo ante*.   This action was removed to the United States District Court for the Southern District of Florida, issue duly joined, and said action is now pending undetermined.   Thus it appears upon the face of the complaint that the plaintiffs are pursuing their remedy in equity for a rescission of the contract and a restoration of the consideration paid and repayment of taxes paid by them against the vendor, and also bringing this action to recover the same sums from the agents of the vendor, as damages.   Having elected to bring the action in equity against the principals, in which they can obtain full relief, the plaintiffs are estopped from bringing this action against the agents.

The orders and judgment will be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment and orders affirmed, with costs.