ANNA T. GRAETZ, Appellant, *v.* EDGAR H. SMITH, Respondent.

Supreme Court, Appellate Term, Second Department, October 15, 1924.

**Sales — action to recover damages arising from purchase of stock in reliance on false statement of defendant — plaintiff had right to retain stock and sue for damages predicated on difference between sum she paid for stock and value of that which she received — finding that stock plaintiff purchased was of less value than sum paid for it, proper.**

In an action to recover damages arising from the purchase of stock by the plaintiff in reliance upon a false statement made by the defendant, plaintiff is entitled to retain the stock and sue for damages predicated upon the difference between the value of that for which she paid and the value of that which she received. Moreover, a finding that the stock which plaintiff bought was of less value than

the sum she had paid for it was warranted, in view of the fact that in addition to evidence indicating how much plaintiff had paid for the stock, plaintiff also showed the value of all the assets of the corporation, and that it had debts aggregating a considerable sum of money.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Sixth District.

*Andrew Eckel,* for the appellant.

*A. W. Burlingame, Jr.,* for the respondent.

PER CURIAM:

Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellant to abide the event.

Plaintiff's proof established that the purchase of the stock was induced by the false statement of the defendant. Upon the argument of the appeal, respondent's counsel conceded that a *prima facie* case of fraud was established, though in his brief, submitted later, he maintained the contrary. Plaintiff did not seek rescission. She kept her stock and sought to recover her damages. This she had the right to do. (*Turner Lumber Co.* v. *Lacey,* 199 App. Div. 534, 536.) Her damages would be the difference between the value of that with which she parted and the value of that which she received. (*Reno* v. *Bull,* 226 N. Y. 546, 553.) The proof showed how much plaintiff had paid for the stock. It also showed the value of all the assets of the corporation and also that it had debts amounting to a considerable sum. Upon this proof a finding would have been warranted that the stock which plaintiff bought was of less value than the sum she had paid for it. The statement of the defendant as to the value of the corporate assets was proper proof of their value.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.